JOHN B. DAY, as Assignee, etc., Appellant, *v.* ELIAS BACH et
al., Respondents.

In an action brought by the defendants herein against S., plaintiff's as-
signor, and others, an attachment against the property of the defendants
was granted upon affidavits making a *prima facie* case, and upon a full
compliance with all the formal requirements, on the ground that defend-
ants were about to assign, dispose of and secrete their property, with in-
tent to defraud their creditors. The attachment was levied upon prop-
erty of S. The defendants in the attachment suit thereupon moved
on affidavits to vacate the writ; the motion was denied at Special
Term, but the General Term, on appeal, reversed the order of Special
Term, and granted the motion. Pending the appeal, most of the at-
tached property was sold as perishable, by order of the court. After the
vacating of the attachment, the proceeds of the sale were paid over by
the sheriff to the plaintiff herein, to whom was also delivered the prop-
erty unsold. *Held*, that the taking of the property was not a conversion;
that the attachment having been lawfully issued, was a complete justifi-
cation, both to the officer and the party, and it did not cease to be a protec-
tion after it was vacated for acts done under it; also, that defendants,
not having received either the property or its value, were not responsible
therefor to plaintiff.

*It seems* that a void writ or process furnishes no justification to a party, and
it is not necessary that it should be set aside before bringing an action
for acts done under it.

*It seems* also, that if the process is irregular only, not absolutely void, no
action lies until it is set aside; but when set aside, it ceases to be a pro-
tection for acts done under it, while in force.

Where, however, the process was regularly issued in a case where the
court had jurisdiction, the party may justify what was done under it,
although it is afterward set aside for error in the judgment or proceed-
ing.

In such case, the party against whom the process was issued, is entitled
to restitution of any property or money received by virtue of it.

(Argued October 21, 1881; decided November 22, 1881.)

APPEAL from order of the General Term of the Superior
Court of the city of New York, made December 6, 1880, re-
versing a judgment in favor of plaintiff, entered upon a verdict.
(Reported below, 14 J. & S. 460.)

This action was brought by plaintiff, as assignee, for the bene-
fit of creditors of David Schener, to recover for an alleged con-
version by defendants, of property belonging to Schener.

The material facts are stated in the opinion.

*S. V. R. Cooper* for appellant. It cannot be presumed that the warrant of attachment was vacated for error, and not for irregularity, because affidavits were used on behalf of the Scheners on the motion to vacate the attachment. (*Wilson* v. *Britton,* 6 Abb. 33.) There is nothing in the affidavit upon which the attachment was issued from which it can be construed that the defendants were about to make an unlawful assignment. (*Wilson* v. *Britton,* 6 Abb. Pr. 97; *Dickinson* v. *Brenham,* 10 id. 390; *S. C.,* 12 Abb. Pr. 158; *Evans* v. *Warner,* 10 Weekly Dig. 193; *Horton* v. *Fancher,* 14 Hun, 172.) The sale of goods at less than market price is no evidence of fraud; nor if sold at less than cost. (*Frank* v. *Levie,* 5 Rob. 599; *O'Reilly* v. *Freel,* 27 How. 272; *Steuben Co. Bk.* v. *Alberger,* 9 Weekly Dig. 119.) There can be no civil injury without a remedy. (*Pangborn* v. *Bull,* 1 Wend. 348; 3 Blk. Com. 123.) Plaintiff was entitled to recovery in this action, and, if necessary, the complaint can be amended so as to conform to the proofs. (*Gordon* v. *Hostetter,* 37 N. Y. 99; *S. C.,* 4 Abb. [N. S.] 263; *Bixbie* v. *Wood,* 24 N. Y. 607; *Wright* v. *Hooker,* 10 id. 51; *Cobb* v. *Dows,* id. 346; *Conaughty* v. *Nichols,* 42 id. 83; *Robinson* v. *Wheeler,* 25 id. 252–259; *Lounsbury* v. *Purdy,* 18 id. 515; *White* v. *Spencer,* 14 id. 247; *Miller* v. *White,* 49 Barb. 434; *Walsh* v. *Wash. Ins. Co.,* 32 N. Y. 427; *Woolsey* v. *Trustees of Rondout,* 2 Keyes, 603; *Sharp* v. *The Mayor, etc.,* 40 Barb. 270; *S. C.,* 25 How. 389; *Vanness* v. *Bush,* 22 id. 481; *S. C.,* 14 Abb. 33; *Dauchy* v. *Tyler,* 15 How. 399; *F. & M. Bk. of Genesee* v. *Joslyn,* 37 N. Y. 353; Code of Civil Procedure, § 721, sub. 5, § 722.) Whether the warrant of attachment was set aside for irregularity or error, the defendants are liable for the value of the goods taken under it. (*Kerr* v. *Mount,* 28 N. Y. 666; *Wehle* v. *Butler,* 12 Abb. [N. S.] 139; affirmed, 61 N. Y. 245; *Wehle* v. *Haviland,* 69 id. 448; *Kirksey* v. *Jones,* 7 Ala. [N. S.] 622; *McCullough* v. *Walton,* 11 id. 492; *Forrest* v. *Collier,* 20 id. 175; *Seay* v. *Greenwood,* 21 id. 493; *Offut* v. *Edwards,* 9 Rob. [La.] 90; *Campbell* v. *Chamberlain,* 10 Iowa, 337; *Kirkham* v. *Coe,* 1 Jones' N. C. R. 423.) Money collected on a

judgment which is afterward reversed, either for error or irregularity, may be recovered back in an action. (*Clark* v. *Pinney*, 6 Cow. 297; *Simpson* v. *Hornbeck*, 3 Sans. 53, 56.)

*L. C. Waehner* for respondents. Erroneous process is the act of the court, and even after it is set aside or reversed, whatever was done under it while in force may be justified by the party. Irregular process is the act of the party, and when once set aside is considered as having been a nullity from the beginning. (*Blanchard* v. *Goss*, 2 N. H. 491; *Palmer* v. *Foley*, 71 N. Y. 109; *Miller* v. *Adams*, 52 id. 415; *Waldo* v. *Selden*, 4 Weekly Dig. 370; *Simpson* v. *Hornbeck*, 3 Lans. 53; *Sleight* v. *Ogle*, 4 E. D. S. 445; *Waldheim* v. *Sichel*, 1 Hilt. 45; *Coupal* v. *Ward*, 106 Mass. 289; 3 Daly, 38; 1 Hill on Torts, 437, 443, 444.) A party suing out process from a competent court is responsible only for its validity and for his own good faith in causing it to issue. (*Adams* v. *Freeman*, 9 Johns. 117; *Cay Bridge Co.* v. *Magee*, 2 Paige, 116–122.) Where a party, in good faith, and on a fair presentation of the facts to a court or to a judicial officer, procures a writ or order of injunction, he is not liable in an action for the damages which the injunction has caused to the person enjoined. (*Cay Bridge Co.* v. *Magee*, 2 Paige, 116–122; *Sturgis* v. *Knapp*, 33 Vt. 486, 572; *Liv. & Ohio R. R. Co.* v. *Applegate*, 8 Dana, 289; *Warner* v. *Matthews*, 6 Mod. 73; *Savill* v. *Roberts*, 1 Salk. 14; *Daniels* v. *Fielding*, 16 M. & W. 200; *Williams* v. *Smith*, 14 C. B. [N. S.] 596; 108 Eng. Com. L. R. 594; *Miller* v. *Adams*, 52 N. Y. 409; *Carl* v. *Ayers*, 53 id. 14; *Randall* v. *Carpenter*, 12 Weekly Dig. No. 3.)

ANDREWS, Ch. J. The complaint alleges the wrongful taking and conversion by the defendants, of certain goods and chattels, the property of the plaintiff's assignor, of the value of $1,800, for which sum it demands judgment. The ground of the action, as disclosed on the trial, was the seizure of the property by the sheriff, under an attachment issued upon the application of the defendants, in an action brought by them

against the plaintiff's assignor and others, which was afterward vacated. The attachment was issued on the ground that the defendants in the attachment suit were about to assign, dispose of, and secrete their property, with intent to defraud their creditors. The defendants moved upon affidavits to vacate the attachment. The motion was denied by the Special Term, but on appeal the General Term, reversed the order of the Special Term, and vacated the attachment. Pending the appeal to the General Term, most of the attached property was sold as perishable, by order of the court. The sum of $421.50 was realized on the sale, and after the attachment was vacated, and before the commencement of this action, this sum was paid over by the sheriff to the present plaintiff, to whom also was delivered (with trifling exceptions), the part of the attached property remaining unsold.

The question whether the taking of the property under the attachment was a conversion by the attaching creditors, depends upon two considerations: *first,* whether the attachment was lawfully issued; and *second,* assuming that it was lawful process, and would have afforded a justification to the defendants while it was in force, whether it ceased to be a protection for acts done under it, after it was vacated? That the attachment was lawfully issued does not admit of question. The court had jurisdiction of the action, and of the parties. The affidavits presented to the court on the application for the attachment, showed the existence of the jurisdictional facts, and set forth circumstances tending to establish the fraudulent intent alleged. The proper undertaking was given, and there was a full compliance with all the formal requirements, to justify the issuing of the process. The original seizure under the attachment was, therefore, a seizure under lawful process, and so long as it remained in force, was a complete justification both to the officer, and the defendants. That cannot be a trespass at the time, which is done by the authority of regular process, duly issued by a court having jurisdiction.

We do not understand that this principle is controverted; but it is claimed that the attachment having been vacated, the

defendants, cannot longer justify under it, and that they stand, in respect to the seizure, mere naked trespassers, as though the attachment had never been issued.

There can be no doubt of the general principle, that void or irregular process, furnishes no justification to the party for acts done under it, with this limitation: that if the process is irregular only, so that it is merely voidable, and not void, it must be set aside or vacated before trespass can be brought. On the other hand, it is equally well settled that if the process was erroneous only, it protects the party for acts done under it while in force, and he may justify under it after it has been set aside. The doctrine of trespass by relation, in such case, has no application. The distinction between void or irregular and erroneous process, is taken in the early case of *Turner* v. *Felgate* (1 Lev. 95), which was trespass against the party for taking goods on execution. The judgment was afterward reversed (as stated in the report) as unduly obtained, and restitution awarded. The court held the action would lie, saying : " For by the vacating of the judgment, it is as if it had never been ; and is not like a judgment reversed for error." The same distinction is taken in *Parsons* v. *Loyd*, 3 Wilson, 341. The plaintiff was arrested on a *capias ad respondendum* tested in Trinity term, and returnable in Hilary term (Michaelmas term intervening). The writ was set aside for irregularity, and the plaintiff brought his action for false imprisonment against the party who issued the writ, who justified under the process. The court held that the writ was no justification. Lord Chief Justice DE GREY said : " There is a great difference between erroneous process and irregular (that is to say void) process, the first stands valid and good until it be reversed ; the latter is an absolute nullity from the beginning ; the party may justify under the first until it be reversed ; but he cannot justify under the latter, because it was his own fault that it was irregular and void at first." The point that a party may justify under lawful process, set aside for error only, was distinctly adjudicated in *Prentice* v. *Harrison* (4 Ad. & El. [N. S.] 852, and *Williams* v. *Smith*, 14 C. B. [N. S.] 596). In *Williams* v. *Smith*,

Willes, J., said : " It by no means follows that because a writ or attachment has been set aside, an action for false imprisonment lies against those who procured it to be issued. If that were so, the absurd consequence would follow, that every person concerned in enforcing the execution of a judgment, would be held responsible for its correctness. Where an execution is set aside on the ground of an erroneous judgment, the plaintiff or his attorney is no more liable to an action than the sheriff who executes the process is." The same rule manifestly applies where the process is against property, and the alleged trespass, is the seizure under it.

The authorities seem to establish these propositions : *First*, that a void writ or process, furnishes no justification to a party, and he is liable to an action for what has been done under it at any time, and it is not necessary that it should be set aside before bringing the action (*Brooks* v. *Hodgkinson*, 4 Hurlst. & N. 712) : *Second*, if the writ is irregular only, and not absolutely void, as for instance where an execution is issued on a judgment more than a year old, without a *sci. fa.*, no action lies until it has been set aside; but when set aside, it ceases to be a protection for acts done under it, while in force (*Chapman* v. *Dyett*, 11 Wend. 31 ; *Blanchenay* v. *Burt*, 4 Ad. & El. [N. S.] 707; *Riddell* v. *Pakeman*, 2 Cr. M. & R. 30) ; *Third*, if the process was regularly issued, in a case where the court had jurisdiction, the party may justify what has been done under it, after it has been set aside for error in the judgment or proceeding ; and an action for false imprisonment, in case of arrest, or of trespass for property taken under it, will not lie. Where, however, property has been taken, the party against whom the writ issued, is entitled to restitution from the party who sued out the writ, of any property or money of the defendant in his hands. (*Jackson* v. *Cadwell*, 1 Cow. 644; *Clark* v. *Pinney*, 6 id. 297 ; *Kissock* v. *Grant*, 34 Barb. 144 ; *Williams* v. *Smith* [*supra*] ; *Reynolds* v. *Harris*, 14 Cal. 667.)

The application of these principles to this case is decisive against this action. The court had jurisdiction of the action, and the affidavits presented a case for the exercise by the court

of its judgment upon the facts presented.   There was no irregularity.   The attachment was set aside by the General Term, on the ground that the affidavits on which the motion to vacate was made, answered the charges in the affidavits on which the attachment issued.   The court corrected what it deemed the erroneous conclusion of the Special Term, upon the controverted facts.   It was, therefore, a reversal for error, and the setting aside of the attachment on this ground, did not deprive the defendants of their justification.

It is insisted that assuming the action cannot be maintained for the conversion of the property, nevertheless, the attachment having been set aside, the defendants are liable for its value. But the facts proved do not establish any liability on the part of the defendants to account to the plaintiff for the value of the property.   When a warrant of attachment is vacated, it is made the duty of the sheriff, except where it is otherwise expressly prescribed by law, to deliver to the defendant, or to the person entitled thereto, on reasonable demand, the attached property in his hands, or the proceeds, if the property has been sold.   (Code, § 709.)   This has been done.   It does not appear that the defendants purchased any of the property on the sale, or had or retained any part of it.   The sale by the sheriff having been made under the order of the court, the money derived therefrom stood as a substitute for the property. This the plaintiff has received; and the defendants, having had neither the property, nor its value, are not responsible therefor to the plaintiff.   If there is any remedy on the undertaking, this is still open to him.   So also, if the attachment was procured by fraud and falsehood, an action in the nature of an action for malicious prosecution may perhaps lie.   But the case was not tried upon this theory, and counsel for the plaintiff properly admits, that the case does not present this question.

For the reasons stated, we think the court below properly reversed the judgment, and the order for a new trial should be affirmed, and judgment absolute given for the defendants upon the stipulation, with costs.

All concur.

Order affirmed, and judgment accordingly.