JOHN FISCHER, Appellant, *v.* GEORGE F. LANGBEIN et al., Respondents.

Where a court, having jurisdiction of the subject-matter and the parties, is called upon to adjudicate upon a doubtful question of law, or determine as to inferences to be drawn from circumstances reasonably susceptible of different interpretations and calling for the exercise of the judicial function, its decision thereon does not render an order or process based upon it void, although afterward vacated or set aside as erroneous, or subject the party procuring it to an action for damages.

*It seems* where the jurisdiction of the court is made to depend upon the existence of some fact of which there is no proof, it has no authority to act in the premises ; and if it, nevertheless, proceeds, all of its acts are void and afford no justification to the party instituting the proceedings, or to an attorney who causes process to be issued in such proceedings.

In the case of void process, no preliminary proceeding is necessary to vacate or set it aside as a condition to the maintenance of an action.

Process, however, which the court has general jurisdiction to award, but which is irregular, by reason of the non-performance by the party of some preliminary requirement, or the existence of some fact not disclosed in his application therefor, must be regularly vacated or annulled by an order of the court before an action can be maintained for damages occasioned by its enforcement.

In all cases where the court has acquired jurisdiction in an action or proceeding, its order or judgment therein is valid and enforceable and affords protection to all persons acting under it, although it may be afterward set aside or reversed as erroneous.

The power of the court to entertain jurisdiction of an action or proceeding does not depend upon the existence of a substantial cause of action, but upon the performance by the party of the prerequisites authorizing it to determine whether one exists or not.

In an action brought by plaintiff to dissolve an unincorporated association, an injunction was applied for by him to prevent a disposition of its funds. Upon the hearing, a reference was granted to determine the truth of certain averments made by plaintiff, a provision being inserted in the order, with his consent, that if he failed to substantiate his claim he should pay the referee's fees. Upon papers showing that the referee found against plaintiff, but that he, after due notice, neglected to take up the report or pay the referee's fees, an order to show cause was granted requiring plaintiff to pay said fees within three days, or to show cause why he should not be committed for contempt in refusing to obey the order of the court. On return of the order to show cause, the court found plaintiff guilty of the offense charged, and ordered that a commitment issue, which was done, and plaintiff was committed to jail. In these proceedings, the defendants here acted as the attorneys for the defendant in that action.

The order was subsequently reversed by this court, it holding that no contempt had been committed. (*Fischer* v. *Raab*, 81 N. Y. 235.) *Held*, that an action for false imprisonment was not maintainable; that the court granting the order concededly had jurisdiction of the parties and the subject-matter and authority to determine as to whether or not a contempt had been committed, and its order, although erroneous, was a protection to defendants.

Also *held*, that defendants did not make themselves liable in such an action because of their refusal to consent to plaintiff's discharge after an alleged compliance by him with the terms of the commitment, or for appearing and opposing a motion for his discharge, all of which occurred before it was finally determined that plaintiff was not guilty of contempt, and it appearing that the motion for a discharge was denied.

It was claimed that the commitment was void, because it did not contain a statement that the disobedience referred to as the contempt had defeated, impaired, impeded or prejudiced some right of the defendants in the former action. The commitment, the order and the affidavit upon which it was founded stated in detail the proceedings which it was claimed the disobedience affected. *Held*, that this was a full compliance with the requirements of the rule in respect to the contents of a commitment.

(Submitted May 31, 1886; decided October 5, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made August 7, 1883, which affirmed a judgment in favor of defendants, entered upon an order dismissing the complaint on trial.

This was an action for false imprisonment.

Defendants were attorneys for the defendants in the action and proceedings hereinafter described, and the alleged cause of action was based upon their participation as such attorneys in said proceedings.

Plaintiff was a member of an unincorporated association and commenced an action against the individual members of the association to dissolve it, in which motion he applied for an injunction to restrain the disposition of its funds. Upon such application he was met by the affidavits of forty-two members of the society, represented by the defendant, J. C. Julius Langbein, as attorney of record. The plaintiff, through his counsel, thereupon charged that these members who had made affidavits,

being Germans and unacquainted with the English language, were misled in signing and swearing to their affidavits, and it was agreed that a reference should be had, and that the truth or falsity of his charge should determine whether he should or should not pay the referee's fees.    If the forty-two members, or a majority of them, swore that they made the statement which appeared in the affidavit, the plaintiff was to pay the fees.    An order of reference containing that provision in substance was thereupon entered by consent.    The referee found in favor of the defendants.    Due notice was given plaintiff that his report was ready for delivery.    The plaintiff, however, neglected to take it up; whereupon, upon application by the defendants' attorneys, and upon an affidavit showing these facts, an order was made requiring the plaintiff to pay to the referee his fees within three days, or show cause why he should not be committed, and the injunction vacated, and the motion for injunction and the appointment of a receiver denied, and his proceedings stayed until such fees were paid.    The plaintiff was heard upon the return of the order to show cause; the court determined that a contempt had been committed and directed that a commitment should issue, which was accordingly done. The General Term reversed the order of commitment, with this condition, " we make it part of the terms of reversal that the plaintiff shall stipulate not to bring any action on account of his imprisonment.    This stipulation must be handed up with the proposed order of reversal."    The stipulation was not given, and the court affirmed the order.   The plaintiff then appealed to the Court of Appeals, where the order was reversed.    (*Fischer* v. *Raab*, 81 N. Y. 235.)

*Samuel Hand* for appellant.    The order of December 4, 1878, was void on its face because it did not adjudicate the plaintiff guilty of any act which amounted to a contempt of court.  (*Albany City Bk.* v. *Schermerhorn*, 9 Paige, 372; *People* v. *Rogers*, 2 id. 103; *People* v. *Nevins*, 1 Hill, 155, 163; *Green* v. *Elgie*, 5 Adol. & El. [N. S.] 99; *S. C.*, 48 E. C. L. 97; *Clark* v. *Binninger*, 75 N. Y. 35, 344, 357; *Fischer* v.

*Raab*, 81 id. 135 ; 2 R. S. 534, § 20 ; Code, § 2281 ; *In re Townshend*, 6 Thomp. & Cook, 227 ; *In re McFeele*, 2 Redf. 541.) Such an order could not protect the parties who procured it. (*Comfort* v. *Fulton*, 13 Abb. Pr. 276 ; *Curry* v. *Pringle*, 11 Johns. 444 ; *Vredenburgh* v. *Hendrick*, 17 Barb. 179 ; *Lansing* v. *Case*, 4 N. Y. Leg. Obs. 221 ; *Clarke* v. *May*, 2 Gray, 410 ; *Warner* v. *Perry*, 14 Hun, 337 ; *Rutherford* v. *Holmes*, 66 N. Y. 368 ; *Bullymore* v. *Cooper*, 46 id. 236 ; *Leehrs* v. *Connors*, 13 Abb. N. C. 88 ; *People* v. *Bd. of Police*, 6 Abb. Pr. 162 ; *Wortman* v. *Wortman*, 17 id. 66 ; *Blythe* v. *Tompkins*, 2 id. 468 ; *Patrick* v. *Solinger*, 9 Daly, 149 ; *Savacool* v. *Boughton*, 5 Wend. 172 ; *Davenport* v. *Dondy*, 3 Abb. Pr. 409 ; *Vredenburgh* v. *Hendricks*, 18 Barb. 179.) The Court of Common Pleas had not jurisdiction over the plaintiff to adjudge him guilty of contempt of court. (*Bullymore* v. *Cooper*, 46 N. Y. 236, 241.) The court being without jurisdiction, the proceedings are void, and the defendants, as the promoters of the imprisonment under the void process, are liable. (*Elliott* v. *Pierson*, 1 Pet. 340 ; *Lessees of Hickey* v. *Stewart*, 2 id. 750 ; *Chemung Can. Bk.* v. *Judson*, 8 N. Y. 254 ; *Palmer* v. *Foley*, 71 id. 109 ; *Miller* v. *Adams*, 25 id. 409 ; *Day* v. *Bach*, 87 id. 56, 60.) The commitment did not authorize the sheriff to discharge plaintiff upon production of the receipt signed by the referee. (*Deyo* v. *Van Valkenburgh*, 5 Hill, 242.) The defendants are liable for any injury caused by their negligent mistake. (*MacDonnell* v. *Buffum*, 81 How. Pr. 154 ; *Houghton* v. *Swarthout*, 1 Denio, 589 ; *Tompkins* v. *Sands*, 8 Wend. 462.) Upon the discovery of the mistake in the commitment the defendants were bound to procure its correction. (*Doyle* v. *Russell*, 30 Barb. 300.)

*George F. Langbein, J. C. Julius Langbein & Jesse K. Furlong* for respondents The order and warrant of commitment were neither irregular, nor void, but were erroneous process. (*Geib* v. *Topping*, 83 N. Y. 46, 47.) If power to determine practically a given action, controversy or question presented

does not exist with reference to any particular case, its deter-
mination by the court is an absolute nullity. (1 Pomeroy on
Eq. Jur. 111, § 129; *Hunt* v. *Hunt*, 72 N. Y. 217, 228, 229,
230.) Jurisdiction may exist, although the judgment be erro-
neous. (*Staples* v. *Fairchild*, 3 N. Y. 41; *Potter* v. *Purdy*,
29 id. 106; *Roderigas* v. *East R. S. Inst.*, 63 id. 460.) The
distinction exists between a lack of power or want of jurisdiction
in the court, a wrongful and a defective exercise of the power.
In the first instance all acts of a court not having jurisdiction
or power are void, in the latter only voidable. The second is
wrong and must be reversed on error. The third is irregular
and must be corrected on error. (Wait on Fraud. Conv. and
Cred. Bills, 553, §§ 420, 421; *Gray* v. *Bowles*, 13 Rep. 179;
*Bradley* v. *Fisher*, 13 Wall. 351, 352; *Tallman* v. *McCarthy*,
11 Wis. 406; *Ex parte Watkins*, 3 Peters, 202; *Skinnion* v.
*Kelly*, 18 N. Y. 355; *Miller* v. *Brinkerhoff*, 4 Denio, 118;
*Van Alstyne* v. *Erwin*, 1 Kern. 331; *Simpson* v. *Hornbeck*, 3
Lans. 55; *Day* v. *Bach*, 87 N. Y. 61.) The right to inquire
into the jurisdiction of another court in a collateral action is
confined to the question of authority, and it does not extend to
the question whether or not the court erred in the exercise of
lawful authority to act. (*Cooper* v. *Reynolds*, 10 Wall. 308;
*Bradley* v. *Fisher*, 13 id. 351.) Error of the court in adjudg-
ing a party entitled to process does not make the party liable
for acts done under the erroneous process. (Addison on Torts
[4th Eng. ed., 1880], 781, 720, 757, 799, 810; *Cohen* v. *Morgan*,
6 D. & R. R. 8, 9; *Carratt* v. *Morley*, 1 Q. B. 18, 28; *Cooper*
v. *Harding*, 7 id. 639; *Blythe* v. *Tompkins*, 2 Abb. 472;
*Williams* v. *Smith*, 14 C. B. [N. S.] 596, 622; *Daniels* v.
*Fielding*, 16 M. & W. 200; *Smith* v. *Sidney*, L. R., 5 Q. B.
203; *Landt* v. *Hilts*, 19 Barb. 283, 288; *Stanton* v. *Schell*, 3
Sandf. 328; *Simpson* v. *Hornbeck*, 3 Lans. 53; *Cory* v. *Long*,
12 Abb. Pr. [N. S.] 432; *Miller* v. *Adams*, 52 N. Y. 412; *Pal-
mer* v. *Foley*, 71 id. 109; *Day* v. *Bach*, 87 id. 56, 62; *Marks*
v. *Townsend*, 97 id. 590, 596.) The "warrant" of commitment
was legal and regular. No cause of action for damages in this
respect, either, was alleged in, or made out by the complaint, or

the evidence. (*Costar* v. *Wilson*, 3 M. & W. 411; *Green* v. *Elgie*, 5 Ad. & El. [N. S.] 113 ; Wait on Fraud. Con., etc., 562, § 426 ; *Williams* v. *Smith*, 14 C. B. [N. S.] 596 ; *Prentice* v. *Harrison*, 4 Q. B. 852; D. & Merv. 50; *S. C.*, 4 Ad. & El. [N. S.] 852, 856 ; *Smith* v. *Sidney*, L. R., 5 Q. B. 203.) Before an action can be brought on the ground that the process was irregular the party must apply to the court and have it set aside. (*Reynolds* v. *Cross*, 3 Caines, 267 ; *Griswold* v. *Sedgwick*, 6 Cow. 462 ; *Mackey* v. *Backett*, 9 Paige, 437 ; *Simpson* v. *Norrbeck*, 3 Lans. 55 ; *Steuben Co. Bank* v. *Alberger*, 78 N. Y. 252 ; *Ruppert* v. *Haug*, 87 id. 143 ; *Day* v. *Beck*, id. 60 ; *Jackson* v. *Smith*, 16 Abb. Pr. 201 ; *Green* v. *Elgie*, 5 Ad. & El. [N. S.] 113 ; *People* v. *Nevins*, 1 Hill, 165.) The setting aside of process on the ground of error gives no cause of action, and, therefore, it makes no difference even if malice is shown, and so justification and mitigation, are unnecessary to be shown in defense where there is no cause of action. (*Marks* v. *Townsend*, 97 N. Y. 590.) No action will lie unless the complaint charges the attorney with acting maliciously, and this must be proven. (*Anon.*, 1 Mod. 209 ; *Davis* v. *Jenkins*, 11 Mees. & W. 745 ; 1 Dow. & L. 321 ; 12 L. J. [N. S.] Exch. 386 ; *Carratt* v. *Morley*, 1 Q. B. 18, 28 ; *Burnap* v. *Marsh*, 13 Ill. 535 ; *Lynch* v. *Commonwealth*, 16 Serg. & R. 368 ; *Cohen* v. *Morgan*, 6 D. & R. 9 ; *Marks* v. *Townsend*, 97 N. Y. 590.) As the complaint does not state why it was set aside, whether for irregularity or for error, this was a fatal defect and, therefore, it stated no cause of action. (*Williams* v. *Smith*, 14 C. B. [N. S.] 596 ; *Prentice* v. *Harrison*, 4 Q. B. 852 ; D. & Merv. 50 ; *Smith* v. *Snyder*, L. R., 5 Q. B. 203 ; *Moore* v. *Guardner*, 6 M. & W. 595.)

RUGER, Ch. J. It cannot be disputed but that an attorney who causes void or irregular process to be issued in an action, which occasions loss or injury to a party against whom it is enforced, is liable for the damages thereby occasioned. In the case of void process the liability attaches when the wrong is committed and no preliminary proceeding is necessary to vacate

or set it aside, as a condition to the maintenance of an action. Process, however, that a court has general jurisdiction to award, but which is irregular by reason of the non-performance by the party procuring it, of some preliminary requisite, or the existence of some fact not disclosed in his application therefor, must be regularly vacated or annulled by an order of the court, before an action can be maintained for damages occasioned by its enforcement. (*Day* v. *Bach*, 87 N. Y. 56.) In such cases the process is considered the act of the party and not that of the court, and he is, therefore, made liable for the consequences of his act.

Void process is such as the court has no power to award, or has not acquired jurisdiction to issue in the particular case, or which does not in some material respect comply in form with the legal requisites of such process, or which loses its vitality in consequence of non-compliance with a condition subsequent, obedience to which is rendered essential. Irregular process is such as a court has general jurisdiction to issue, but which is unauthorized in the particular case by reason of the existence or non-existence of some fact or circumstance rendering it improper in such a case. In all cases where a court has acquired jurisdiction in an action or proceeding, its order made or judgment rendered therein, is valid and enforceable and affords protection to all persons acting under it, although it may be afterward set aside or reversed as erroneous. (*Simpson* v. *Hornbeck*, 3 Lans. 53.) Errors committed by a court upon the hearing of an action or proceeding which it is authorized to hear, but not affecting any jurisdictional fact, do not invalidate its orders or authorize a party to treat them as void, but can be taken advantage of only by appeal or motion in the original action. (*Day* v. *Bach*, *supra.*)

There is no claim made that the order and commitment under which the imprisonment complained of in this case was effected, was void or even irregular, except for the alleged erroneous determination made by the Special Term upon the merits of the application. This determination consisted in holding that a contempt had been committed by the plaintiff, while upon

appeal this court held otherwise. All of the facts constituting the alleged contempt were undisputed and were presented to the Special Term for its consideration upon the hearing. After hearing the parties it decided that a contempt had been committed and ordered the imprisonment complained of. It was conceded on that hearing that the plaintiff had disobeyed an order of the court, and the only question presented for its consideration was whether such disobedience " defeated, impaired, impeded or prejudiced " a right or remedy of the defendants. Upon the appeal to this court it was held that the case did not clearly show that any right or remedy of the defendants had been defeated, impaired, impeded or prejudiced by the disobedience alleged, and the order adjudging the plaintiff guilty of a contempt was, for that reason, reversed as erroneous. (*Fischer* v. *Raab*, 81 N. Y. 235.) A simple question of law was thus presented to the court as to whether all of the elements constituting the offense of contempt appeared on the application for the commitment. Whether they did or did not in no sense constituted a jurisdictional question. The court concededly had jurisdiction of the parties and the subject-matter of the application, and we think authority to determine whether a contempt had been committed or not; and the question for its consideration was whether the facts of the case brought it within the statutory definition of a contempt. An erroneous decision of that question in no sense affected the jurisdiction of the court over the subject-matter of the application. In a similar case it was said by this court that the fact that a justice of the peace " had jurisdiction of the person of the plaintiff and of the subject-matter then pending, did not give him judicial authority to adjudge her guilty of a contempt, and to imprison her therefor. To have that authority there must have arisen before him, facts which gave him power to consider of the question whether there had been a contempt committed by her. When facts arose which gave him that power he had a right to adjudicate upon them, and is not liable to an action though he may have held erroneously as matter of law." (*Rutherford* v. *Holmes*, 66 N. Y. 368, 370.)

In the present case the court made an order, upon the application of the plaintiff, referring a certain disputed question of fact to a referee to hear and determine, and in case such report was against the plaintiff, that he should pay the referee's fees incurred thereon. The plaintiff cannot question the validity of this order, for it was made at his request and upon his stipulation to pay the fees in the event provided for. The order was, therefore, lawful and such as the court had a right to make under the circumstances. The report of the referee being against the plaintiff, he was required to pay the fees and take it up; but this he neglected and refused to do. For this refusal he was adjudged guilty of contempt.

The disobedience of its order by the plaintiff gave the court jurisdiction of the subject-matter and called upon it to determine whether a contempt had been committed or not. The right to adjudicate upon this question did not depend upon the fact whether the plaintiff was guilty of a contempt, but whether a case had been made calling for an adjudication upon that question.

The power of the court to entertain jurisdiction of an action or proceeding does not depend upon the existence of a sustainable cause of action, but upon the performance by the party of the prerequisites authorizing it to determine whether one exists or not. In *Harman* v. *Brotherson* (1 Den. 537) the defendant, a judicial officer, had awarded a *capias* upon affidavits which did not disclose such a cause of action as subjected the defendant to arrest therefor. He was, however, arrested and imprisoned, and in an action against the judge for false imprisonment it was held that he was exempted from liability by reason of the judicial character of his determination. In *Landt* v. *Hilts* (19 Barb. 283) a county judge was prosecuted for false imprisonment for granting an order of arrest, which was afterward vacated upon the ground that the affidavit upon which it was founded did not show a sufficient cause for arresting the party. It was held, however, that the " decision and the order protected the party applying for it and the attorney and all persons acting in obedience to the order ; " that the affi-

davit presented " a state of facts which called upon the officer
to pass judicially upon the question and to determine whether
a case for an order was made out or not."   " It presents, to say
the least, a colorable case, and that is enough to protect the
officer who issued it."   It was further said, " that the doctrine,
that the judicial officer is protected whenever he has jurisdiction
and enough is shown to call upon him for a decision, even
though he err grossly and even intentionally, has long been
firmly established.   Upon the same principle of public policy
parties who in good faith institute the proceedings and act
under and in accordance with judicial determination should be
protected from accountability as trespassers whenever the
officer is entitled to protection."   This case is largely and
approvingly quoted from in *Marks* v. *Townsend* (97 N. Y. 590,
599).   In *Miller* v. *Adams* (7 Lans. 133), affirmed in this
court (52 N. Y. 409), the defendant was prosecuted for false
imprisonment in procuring an attachment for contempt against
a third party for not appearing before the judge in supple-
mental proceedings in obedience to an order requiring him to
do so.

The affidavit upon which the attachment was issued was held
upon appeal to be defective and not to show the existence of
the contempt alleged.   It was held, however, that it constituted
a protection as well to the officer issuing it as to the party pro-
curing it ; that the officer issuing the attachment had " jurisdic-
tion of the matter and acted judicially in making the order,
and it is entirely clear that he cannot be made answerable as a
trespasser for an error in judgment."

It seems to us that the case of *Williams* v. *Smith* (108 Eng.
C. L. 596) is indistinguishable in principle from this.   As
concisely stated by Justice Erle it was as follows: " The
master of the rolls decided on the facts that Williams was
guilty of contempt in not obeying the order.   Such is the
judgment of the master of the rolls on the very facts between
the parties.   The legal inference which that learned judge drew
from the facts which were presented to him on the part of
Williams was that he was guilty of a contempt.   Upon appeal

the lords justices were of opinion that the master of the rolls came to an erroneous conclusion, and they reversed his decision. That is a totally different thing from setting aside the attachment for irregularity in the proceedings." It was held that the decision of the master of the rolls was a judicial determination that protected the parties acting under it as well as the officers making it.

The rule to be deduced from these authorities seems to be that when a court is called upon to adjudicate upon doubtful questions of law or determine as to inferences to be drawn from circumstances, reasonably susceptible of different interpretations or meanings, and calling for the exercise of the judicial function in their determination, its decision thereon does not render an order or process based upon it, although afterward vacated or set aside as erroneous, void, or subject the party procuring it to an action for damages thereby inflicted. Where the jurisdiction of the court is made to depend upon the existence of some fact of which there is an entire absence of proof, it has no authority to act in the premises, and if it, nevertheless, proceeds and entertains jurisdiction of the proceeding, all of its acts are void and afford no justification to the parties instituting them as against parties injuriously affected thereby. But if the facts presented to the court call upon it for the exercise of judgment and reason upon evidence which might in its consideration affect different minds differently, a judicial question is presented which, however decided, does not render either party or the court making it, liable for the consequences of its action.

It is further claimed that the defendants made themselves liable in this action by refusing to consent to the discharge of the plaintiff by the sheriff after he had complied, as it is alleged, with the terms of the commitment, and for opposing before the Special Term proceedings taken for his discharge.

These proceedings all took place before it was finally determined that the plaintiff was not guilty of a contempt in refusing to obey the order referred to, and so far as any thing appearing in this record shows, when the defendants naturally

believed that the plaintiff was rightfully imprisoned thereunder. The relief claimed was denied by the courts before whom they were taken, and it must here be assumed that it was rightfully denied for the reason that the plaintiff had not complied with the terms of the order entitling him to a discharge.

If the defendants were not liable for damages for the original imprisonment, it is quite certain that they were not responsible for the action of the sheriff or the court in continuing it. No obligation rested upon the defendants to consent to, or procure the discharge of the plaintiff, as the right to such relief depended solely upon his compliance with the terms of the order committing him.

Some claim is made that the commitment was void for not containing the statement that the disobedience referred to as the contempt had defeated, impaired, impeded or prejudiced some right or remedy of the defendants in the action. Not only the order and affidavit upon which it was founded, but the commitment itself, stated in detail the proceedings which it was claimed the disobedience in question, affected, and presented all of the facts upon which the judgment of the court in awarding the commitment was based, and fully complied with the requirements of the rule in respect to the contents of a commitment.

The judgment of the court below should be affirmed, with costs.

All concur.

Judgment affirmed.