(10 Misc. Rep. 347.)

FARRINGTON v. ROOT et al.

(Common Pleas of New York City and County, General Term.   December
3, 1894.)

1. ATTACHMENT—VALIDITY—SUFFICIENCY OF AFFIDAVIT.
   An attachment on an affidavit which, in form, complies with all the
   requirements of the Code, is not irregular.

2. SAME—RECITALS IN AFFIDAVIT.
   If the statement in the affidavit as to the indebtedness be such as to
   call for a judicial determination whether, apparently, the amount be in ex-
   cess of counterclaims, the attachment, though erroneous and vacated, is
   not void, and affords a protection to all parties acting under it.

3. PROCESS—VOID AND IRREGULAR—DISTINCTION.
   Distinction between erroneous, irregular, and void process, and the
   effect of each in justification of a trespass.

(Syllabus by the Court.)

Appeal from trial term.

Action by John T. Farrington against Edwin B. Root and others.
The complaint was dismissed, and plaintiff appeals.   Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

Samuel C. Mount, for appellant.

Charles De Hart Brower and Henry C. Willcox, for respondents.

PRYOR, J.   Under an attachment the defendants, it is alleged,
took, or were concerned in taking, the plaintiff's goods.   Pursuant
to a motion upon the papers on which the attachment issued, it was
vacated, but it is not apparent in the order that the supersedeas pro-
ceeded on the ground that the process was either void or irregular.
The action in which the attachment issued was upon a promissory
note, and against maker and indorser.   It was the indorser's goods
that were taken, and it is he who sues in the present action.

The attachment is challenged as void or irregular because the
affidavit fails to show that the plaintiffs are entitled to recover the
sum stated, over and above all counterclaims known to the plaintiffs.
Code, § 635.   The affidavit, properly by a third person, alleged, on
information and belief, that "the plaintiffs are entitled to recover
from the defendants the sum of about $1,416.70, with interest, over
and above all counterclaims known to the plaintiffs," and that "the
source of deponent's information and the grounds of his belief are
that his firm has possession of the notes mentioned in the complaint,
and of the notarial certificates of demand and notice of dishonor,
copies of which are annexed."   At the close of the case the com-
plaint was dismissed.

The cause has been argued with commendable research and abil-
ity, but, after all, the question upon which the appeal depends is
of obvious and easy solution.   The action is for trespass to property.
But the chattels were taken under attachment, and, although set
aside, the process, unless irregular or void, is a perfect protection to
all the defendants.   Marks v. Townsend, 97 N. Y. 590, 597; Day v.
Bach, 87 N. Y. 56, 61; Fischer v. Langbein, 103 N. Y. 84, 93, 8 N.
E. 251.   Process may be erroneous only, for which, being the fault
of the court, the party is not responsible; or it may be simply ir-

regular, and so valid until vacated, but when vacated it is no protection, because the fault of the party; or, again, it may be void, and, being an absolute nullity from the beginning, it is no justification, even before supersedeas. Woodcock v. Bennet, 1 Cow. 711, 735; Day v. Bach, 87 N. Y. 56, 61; Chapman v. Dyett, 11 Wend. 31. "An irregularity in practice may be defined to be the want of adherence to some prescribed rule or proceeding. And it consists in omitting to do something that is necessary for the due and orderly conducting of a suit, or ordering it in an unreasonable time or improper manner." Tidd, Pr. 512; Bowman v. Tallman, 2 Rob. (N. Y.) 632, 634. In the case before us, the affidavit upon which the attachment issued complies, in form, with all the requirements of the Code, and the only vice imputed to it is that it did not furnish sufficient evidence to the court of the absence of counterclaims against the debt. This, plainly, was no irregularity. Nor was the attachment void. The court had jurisdiction, and the evidence before it presented "a colorable case," and called for a judicial determination whether, apparently, the amount of the indebtedness was in excess of counterclaims. Fischer v. Langbein, supra; Globe Yarn Mills v. Bilbrough (Com. Pl. N. Y.) 21 N. Y. Supp. 2. The decision was erroneous, and was rightly reversed; but even so, the process was still a protection to all parties. Cases supra; and Wessels v. Boettcher, 142 N. Y. 212, 36 N. E. 883 (where observe an instance of the prevalent ambiguity in the use of the word "irregular"). An order founded on an insufficient affidavit is not void, but has vitality enough to support a proceeding for contempt,—Fleming v. Tourgee (Sup.) 16 N. Y. Supp. 2; a fortiori, to justify an alleged trespass.

Other points presented by counsel need no consideration. The plaintiff is not without redress, but has only misconceived his remedy. Upon proper allegations and proof, he may maintain an action in the nature of malicious prosecution. Burton v. Knapp, 81 Am. Dec. 476, note. Judgment affirmed, with costs.