### SINSKIE v. BRUST et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. REPLEVIN—DAMAGES FOR DETENTION—SEPARATE ACTION THEREFOR.

   Laws 1897, c. 378 (Greater New York Charter, § 1369), makes the provisions of the consolidation act (Laws 1882, c. 410) relating to the procedure, service, and execution of process, appearance, practice, proceedings, and judgment applicable to actions and proceedings in the municipal court; and Consol. Act, § 1344, provides that where the defendant does not appear, and no personal service of summons has been made on him, in an action of replevin, the justice may proceed to hear and determine the action in respect to the chattel. *Held*, that a separate action for damages for the taking and detention of property seized on execution, and subsequently replevied, could be maintained by the plaintiff in replevin against the defendants therein in the municipal court of New York City.

**2. SAME—ELEMENTS OF DAMAGE.**

In an action for damages for the wrongful taking and detention of property recovered in replevin, the costs and expenses incurred in recovering the possession of the property are not elements of damage.

**3. SAME—COSTS.**

Under Code Civ. Proc. § 3229, providing that where, in an action against two or more defendants, the plaintiff is entitled to costs against one or more, but not against all, none of the defendants are entitled to costs of course, but the court may award them in its discretion, it was not error for the court to refuse to award costs to one of two defendants in an action for damages for the detention of property, against whom the complaint had been dismissed.

Appeal from municipal court, borough of Richmond.

Action by Lena Sinskie against August C. Brust and another. From a judgment in favor of plaintiff, defendants appeal. Judgment modified and affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

David A. Sullivan, for appellants.

Frank H. Innes, for respondent.

SEWELL, J. This action was brought to recover damages for taking and detaining chattels. It appears that the defendant Sommers recovered a judgment against one Lucas Sinskie, the husband of the plaintiff. An execution was issued thereon, and delivered to the defendant Brust, one of the marshals of the city of New York, who levied upon a horse, wagon, and harness of the plaintiff, and took the property into his possession. Thereafter the plaintiff commenced an action in the municipal court to recover possession of the chattels, and such proceedings were had that judgment was entered awarding the possession to the plaintiff, without damages for the taking or detention of the same. It appears by the return of the marshal in the action of replevin that personal service of the summons was not made upon the defendant, that the defendant did not reside and could not be found in the county of Richmond, and that the service of the papers was made by delivering the same to Walter S. Scott, the defendant's agent, in whose possession the property was found. It was stipulated upon the trial of this action that the plaintiff "commenced an action of replevin, and as a result of this action judgment was taken by default on the 13th day of September, and the horse, wagon, and harness delivered to her. As to the costs of the action, the expenses were to the marshal, counsel fees and court fees, summons, etc. She was compelled to pay out the sum of $56.60."

The provisions of the consolidation act (chapter 410, Laws 1882) relating to the procedure, the summons, or other process, service and execution of the same, appearance, practice, proceedings, and judgment, were, by section 1369 of the Greater New York charter (chapter 378, Laws 1897), made applicable to actions and proceedings in the municipal court. Section 1344 of the consolidation act provides that where the defendant does not appear, and the summons has not been personally served upon him, and a chattel or

a part of a chattel to recover which the action is brought has been replevied, and the proceedings thereupon have been duly taken, "as prescribed in this title," the justice may proceed to hear and determine the action with respect to the chattel or part of a chattel; or, if the action is brought to recover two or more chattels, with respect to those which have been specified in like manner and in like effect as if the summons had been personally served. I think that the effect of this section is to make the damages for taking or detaining the property a distinct and separate claim where the defendant does not appear, and the summons has not been personally served. The legislature did not make section 1730 of the Code of Civil Procedure applicable to municipal courts. But under that section a court has power to determine the plaintiff's right to the possession of property which has been replevied only where the defendant neither appears in the action nor is served with process. In such a case the defendant is not personally bound as to any fact determined in the action so that he is precluded from denying it in a subsequent litigation concerning matters other than his right to the property affected by the judgment. Schwinger v. Hickok, 53 N. Y. 280; Rigney v. Rigney, 127 N. Y. 408, 28 N. E. 405, 24 Am. St. Rep. 462. I am, however, of the opinion that the plaintiff was not entitled to recover as damages the costs and expenses incurred in the action to recover the possession of the property. I do not think the admission that the plaintiff was compelled to pay out the sum of $56.60 sufficient to justify the recovery of that sum as special damage. Cook v. Gross, 60 App. Div. 446, 69 N. Y. Supp. 924.

It is urged that the court, having rendered a judgment dismissing the complaint as against the defendant Sommers, should have awarded costs to him. Judgment was not given against the plaintiff in the action. She was entitled to costs against one of the defendants, and the court, in the exercise of its discretion, had the power to decline to award costs to the other. Code Civ. Proc. § 3229; Sawyer v. Gates, 14 N. Y. St. Rep. 236; Hodgkins v. Mead, 25 N. Y. St. Rep. 937, 5 N. Y. Supp. 435; Frazer v. Hunt, 18 Wkly. Dig. 390.

It follows that the judgment must be modified by deducting from it the sum of $56.60, and, as modified, affirmed, but without costs of this appeal. All concur.