Sydney M. Siegel, Respondent, *v.* Northern Boulevard & 80th Street Corp. et al., Appellants.

First Department, December 19, 1968.

*Nathan Marcus* of counsel (*Marcus & Janoff,* attorneys), for appellants.

*Clarence S. Barasch* for respondent.

CAPOZZOLI, J. This action was brought to recover damages resulting from warrants of attachment which were obtained by defendants-appellants and which were later vacated by this court on the ground that they were not authorized by statute. (*Northern Blvd. & 80th St. Corp.* v. *Siegel,* 16 A D 2d 523.) The plaintiff contends that he is not limited by the amount specified in the undertaking. His position is that this is an action in the nature of trespass and that the defendant is obligated to pay whatever damages are found to have been sustained by the plaintiff without reference to the undertaking.

Attachment is a provisional remedy having as its object securing a debt by preliminary levy upon property of the debtor to conserve it for eventual execution. It is strictly a creature of statute and, therefore, because of its harsh nature and, it being in derogation of the common law, the courts have strictly construed the statute creating it in favor of those against whom it may be employed. (*Penoyar* v. *Kelsey,* 150 N. Y. 77.) In the last-cited case the court quoted the language of a text writer who criticized this remedy and, at page 80 of its opinion, set forth the language as follows: " As said by a recent writer, ' it amounts to the involuntary dispossession of the owner prior to any adjudication to determine the rights of the parties. It violates every principle of proprietary right held sacred by the common law. It is, to some extent, equivalent to execution in advance of trial and judgment. Property is taken, under legal process, at the instance of one without even a claim of title from the possession of another whose title is unquestioned; and though the mere taking does not work any change in the owner-ship of the property, it seriously affects some of the most

important incidents of that ownership, and may even be the means of thwarting the owner in his endeavors to meet the just demands against him ' ''.

In the case of *Northern Blvd. & 80th St. Corp.* v. *Siegel* (*supra*, p. 524) of the opinion, we said: '' attachment being an extraordinary remedy, statutes providing therefor should be strictly construed in favor of the party whose property is sought to be attached ''. (Citing *Penoyar* v. *Kelsey, supra.*)

Where the process is irregular, unauthorized, or void, a levy made by the officer renders the party suing out the attachment a trespasser, since, under such circumstances, the officer becomes the agent of such party. Where attachment is irregular or voidable, it will, nevertheless, protect the attachment plaintiff, acting under it, until it is set aside, but after it has been set aside, it affords no protection to the party at whose instance, it was issued, and he becomes a trespasser *ab initio* and thereby liable for damages resulting therefrom. (7 C. J. S., Attachment, §§ 503–504.)

A cause of action on an attachment bond is simply an action in contract which is governed by its language and by the statute under which it is given. On the other hand, an action based upon the theory that the warrant of attachment was declared void *ab initio* for an irregularity, subsequently discovered after its issuance, is an action based on tort. The damages recoverable under the tort action cannot be limited by the undertaking.

A void writ furnishes no justification for acts done under it and it is not necessary that it should be set aside before bringing an action. If a writ is irregular only, no action lies until it has been set aside, but when set aside, it ceases to be a protection for acts done under it. (*Day* v. *Bach,* 87 N. Y. 56; *Fischer* v. *Langbein,* 103 N. Y. 84.)

In *Day* v. *Bach* (*supra,* pp. 60–61) the court said: '' There can be no doubt of the general principle, that void or irregular process, furnishes no justification to the party for acts done under it, with this limitation: that if the process is irregular only, so that it is merely voidable, and not void, it must be set aside or vacated before trespass can be brought. * * * Lord Chief Justice DeGrey said: ' There is a great difference between erroneous process and irregular (that is to say void) process, the first stands valid and good until it be reversed; the latter is an absolute nullity from the beginning; the party may justify under the first until it be reversed; but he cannot justify under the latter, because it was his own fault that it was irregular and void at first.' * * *

" The authorities seem to establish these propositions: *First,* that a void writ or process, furnishes no justification to a party, and he is liable to an action for what has been done under it at any time, and it is not necessary that it should be set aside before bringing the action. * * * *Second,* if the writ is irregular only, and not absolutely void * * * no action lies until it has been set aside; but when set aside, it ceases to be a protection for acts done under it while in force. * * * *Third,* if the process was regularly issued, in a case where the court had jurisdiction, the party may justify what has been done under it, after it has been set aside for error in the judgment or proceeding ".

An examination of the facts in the *Day* case discloses that the court had jurisdiction of the action, and the affidavits before it presented a case for the exercise by the court of its judgment upon the facts presented. There was no question of irregularity. The court's own language (pp. 61–62) of the opinion, clearly indicates the true question before it: " The court had jurisdiction of the action, and the affidavits presented a case for the exercise by the court of its judgment upon the facts presented. There was no irregularity. The attachment was set aside by the General Term, on the ground that the affidavits on which the motion to vacate was made, answered the charges in the affidavits on which the attachment issued. The court corrected what it deemed the erroneous conclusion of the Special Term, upon the controverted facts. It was, therefore, a reversal for error and the setting aside of the attachment on this ground, did not deprive the defendants of their justification."

It must be noted that the case of *Northern Blvd. etc.* v. *Siegel* (16 A D 2d 523, *supra*) which is the basis of the action now before this court, presented a situation where the court made it clear that, the reason for vacating the warrant of attachment was because the action was not one in which attachment was authorized under the statute then in force, and it therefore vacated the warrant. Once the vacatur occurred then it spoke as of the time of the issuance of the warrant and all done pursuant to same was illegal.

In *Fischer* v. *Langbein* (103 N. Y. 84, 90, *supra*) the court said: " Process, however, that a court has general jurisdiction to award, but which is irregular by reason of the non-performance by the party procuring it, of some preliminary requisite, or the existence of some fact not disclosed in his application therefor, must be regularly vacated or annulled by an order of the court, before an action can be maintained for damages

occasioned by its enforcement. (*Day* v. *Bach*, 87. N. Y. 56.) In such cases the process is considered the act of the party and not that of the court, and he is, therefore, made liable for the consequences of his act.   *   *   *

" Irregular process is such as a court has general jurisdiction to issue, but which is unauthorized in the particular case by reason of the existence or non-existence of some fact or circumstance rendering it improper in such a case ".

At page 94 the court also said: " Where the jurisdiction of the court is made to depend upon the existence of some fact of which there is an entire absence of proof, it has no authority to act in the premises, and if it, nevertheless, proceeds and entertains jurisdiction of the proceeding, all of its acts are void and afford no justification to the parties instituting them as against parties injuriously affected thereby."

The type of action now before us is nothing new. The question has been before the courts of our State many times over the years. In the case of *Sprague* v. *Parsons* (13 Daly 553, 554–555) an action where the plaintiff sought to recover damages much like those sought in the case at bar, the court said: " But it is not alleged that it was vacated for irregularity, nor as being unauthorized. It might have been vacated for error upon a question of fact upon opposing affidavits. Unless unauthorized or irregular an action of damages (not brought upon the undertaking) could not be maintained (*Day* v. *Bach,* 87 N. Y. 56)."

In *Bornstein* v. *Levine* (7 A D 2d 843) the court noted: " Not to be confused is the situation which obtains with respect to process irregularly issued, in which event it is voidable, and an action for trespass *ab initio* may thereafter lie. (See, e. g., *Day* v. *Bach,* 87 N. Y. 56; *Lyon* v. *Yates,* 52 Barb. 237; 7 C. J. S., Attachment, § 503 *et seq.*) ".

In our own case of *Subin* v. *United States Fid. & Guar. Co.* (12 A D 2d 49, 52) we recognized this type of action and we said: " Distinctions have been made in cases of attachments between those vacated because of irregularity, e. g., lack of jurisdiction, or because of impropriety. Where there has been an irregularity, a suit may be brought against the party obtaining the attachment in the nature of a trespass (see *Bornstein* v. *Levine,* 7 A D 2d 843)."

There is no doubt about the fact that the rule is that the mere filing of an attachment subsequently vacated does not automatically subject a party who sued out the writ to tort liability as for trespass or conversion. But a tort action does lie where the attachment was procedurally defective *ab initio*

and, therefore, void or voidable. (*Skanska Banken* v. *Albert,* 25 A D 2d 184.)

In the last-cited case we said (p. 186) : '' Such a tort action lies only where the attachment was procedurally defective *ab initio* and therefore void or voidable (*Subin* v. *United States Fid. & Guar. Co.,* 12 A D 2d 49, 52; *Bornstein* v. *Levine,* 7 A D 2d 843; 7 C. J. S., Attachment, §§ 503–525). No claim is made that a defect of this nature exists in the present case. Therefore, absent any allegation and proof of lack of probable cause or other separate basis for tort liability, plaintiff's action is necessarily solely upon and limited to the amount of the undertaking ''.

In *Kerr* v. *Mount* (28 N. Y. 659, 664) Chief Judge DENIO said: '' Moreover, where process has been set aside for irregularity, the party at whose instance it was issued, cannot justify under it, though, probably, the officer may.'' In the same case, another member of the court, Judge JOHNSON, wrote as follows (p. 666): '' The attachment under which the goods in question were taken and held by the sheriff, was set aside by the superior court of the city of New York, for irregularity * * * conceding it to have been issued by proper authority, in respect to jurisdiction, still, it having been set aside as irregular, it afforded no justification, afterwards, for acts previously done under it, to the party in whose favor it was issued. * * * As to him, it was then, as though no process whatever had been issued, and the goods had been taken and detained by his order, without any process. * * * The moment it was set aside, the party became a trespasser *ab initio.*''

In *Weintraub* v. *Fitzgerald Bros. Brewing Co.* (40 F. Supp. 473, 475) the United States District Court, Southern District of New York, Judge RIFKIND, said: '' The second cause of action seeks recovery for injury caused by wrongful attachment. For such an injury the remedy is an action in conversion or trespass. Kerr v. Mount, 28 N. Y. 659; McAllaster v. Bailey, 48 Hun 619, 1 N. Y. S. 12, affirmed 127 N. Y. 583 ''.

We find the same rule expressed in *Hyde* v. *Southern Grocery Stores* (197 S. C. 263, 275) where the court said: '' Where the process or attachment is irregular, unauthorized or void, a levy made by the officer renders the party suing out the attachment a trespasser * * *. And where an attachment is for any reason void, the attachment plaintiff will be a trespasser *ab initio* and liable to the attachment defendant for any damages proximately resulting therefrom. 7 C. J. S. Attachment, § 504, p. 661.''

Whatever has been heretofore stated does not affect the defendant, Ætna Insurance Company, whose sole liability has been properly limited to the amount of its undertaking and no more. However, as against the remaining defendants, they are properly chargeable with the payment of the reasonable counsel fees for legal services rendered in vacating the irregular warrants of attachment. While we agree that, generally, there can be no recovery as damages for counsel fees incurred in defending against process lawfully issued and legal proceedings lawfully taken thereon, we are not dealing with such a case. The prevailing view is that reasonable counsel fees incurred or expended in defending against a wrongful attachment are recoverable. (7 C. J. S., Attachment, § 560.)

After reviewing the legal services rendered, we have concluded that the amount of $7,500, awarded as counsel fees to plaintiff, is excessive, and same is reduced to $4,000, which we believe is a fair and reasonable amount.

The order granting summary judgment should be affirmed and the judgment granted thereon should be modified on the law and the facts, to the extent of reducing the amount given for legal services to $4,000, and as so modified affirmed, without costs.

EAGER, J. (dissenting). The question here is whether the plaintiff is entitled to a recovery, over and above the amount of the filed undertaking, for counsel fees incurred in procuring a vacatur of an attachment. Concededly, on the record here, the recovery is not supportable on the theory of abuse of process or malicious prosecution. Nevertheless, a recovery of the counsel fees has been directed on the basis that plaintiff possessed a common-law cause of action under a line of decisions holding that proceedings under a void or irregular attachment amount to a trespass. Inasmuch, however, as the attachment stood as a valid and regular process until it was vacated by this court on appeal (see *Northern Blvd. & 80th St. Corp.* v. *Siegel,* 16 A D 2d 523), we conclude that plaintiff's judgment is not sustainable. Furthermore, if the plaintiff is entitled to a recovery on the theory of trespass, the damages awarded should not have included the counsel fees as allowed.

There was no liability at common law for damages resulting from an attachment erroneously granted unless the case was established as one for malicious prosecution. (See *City of Yonkers* v. *Federal Sugar Refining Co.,* 221 N. Y. 206, 208.) '' On common-law principles, if an attachment '' regularly issued by a court of competent jurisdiction on sufficient legal grounds '' should afterwards be dissolved, either because the

action failed, or because, in a contest on the merits, the grounds upon which the attachment was obtained were found unsustainable, the defendant could have no recourse against the plaintiff for damages for the seizure of his property, unless the law required the plaintiff, in order to obtain attachment, to give a bond or undertaking for the payment of such damages. In the absence of such a requirement the defendant has no remedy for such damages, unless the conduct of the plaintiff was such as to give ground for an action for malicious or vexatious prosecution.'' (Drake, Attachments [7th ed.], § 114.) Therefore, it is settled in this State that the undertaking is still the source and measure of liability for an attachment granted in error. (See *City of Yonkers* v. *Federal Sugar Refining Co.*, *supra*, p. 209. See, also, *Palmer* v. *Foley*, 71 N. Y. 106.)

The attachment issued against plaintiff's property, '' so long as it remained in force, was a complete justification both to the officer, and the defendants. That cannot be a trespass at the time, which is done by the authority of regular process, duly issued by a court having jurisdiction.'' (*Day* v. *Bach*, 87 N. Y. 56, 59). The foregoing decision, which is particularly relied upon by the majority in sustaining the plaintiff's judgment herein, is, however, '' a decisive authority that trespass will not lie for the seizure of goods under a valid attachment subsequently vacated for error. The process is a protection to the officer or party for whatever is done under it while in force. The vacation of the process for error does not convert into a trespass that which was legal until it was set aside.'' (*Hess* v. *Hess*, 117 N. Y. 306, 309.) '' An action for trespass founded on a warrant of attachment later vacated does not lie where the court had jurisdiction of the subject matter and of the parties ''. (*McClellan Agency* v. *Cunningham, Nielsen & Molloy*, 22 Misc 2d 372, 374, citing the *Day* and *Hess* cases, *supra*, and also *Fischer* v. *Langbein*, 103 N. Y. 84; *Bornstein* v. *Levine*, 7 A D 2d 843.)

The attachment procured by the defendants was not invalidated for '' irregularity '' within the meaning of the decisions authorizing an action in trespass where an attachment was irregularly issued. '' An irregularity in practice may be defined to be the want of adherence to some prescribed rule or mode of proceeding. And it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unreasonable time or improper manner.'' (*Farrington* v. *Root*, 10 Misc. 347, 349, quoting from Tidd's Practice, 512 and citing *Bowman* v. *Tallman*, 2 Robt. 632, 634.)

Here, the affidavits and the warrants were in proper form and properly executed and attested without defects on the face thereof, a "proper undertaking was given, and there was a full compliance with all the formal requirements, to justify the issuing of the process." (See *Day* v. *Bach, supra,* p. 58.) Concededly, the court had jurisdiction of the subject matter and of the parties. The warrants, on proceedings duly taken with full opportunity of hearing, were sustained at Special Term. On appeal to this court, however, the warrants were vacated on the ground of error in law in the failure of the plaintiffs (defendants here) to show a cause of action of a nature supporting the remedy of attachment. (See Civ. Prac. Act, § 903; *Northern Blvd. & 80th St. Corp.* v. *Siegel,* 16 A D 2d 523, *supra.*) The warrants, representing regular and valid process, afforded full protection for the proceedings thereunder until they were set aside by this court. Although founded on an insufficient affidavit, the warrants were not void or irregular. (*Subin* v. *United States Fid. & Guar. Co.,* 12 A D 2d 49; *Farrington* v. *Root, supra,* p. 349.) Under the circumstances, the vacatur was for impropriety as distinguished from irregularity and, thus, the only redress was upon the undertaking. (*Subin* v. *United States Fid. & Guar. Co., supra,* p. 52.)

Finally, even if the plaintiff should be held to be entitled to a recovery on theory of trespass or conversion, the damages recoverable should be limited to the injury and loss directly sustained by reason of the interference with plaintiff's possession of the money or property attached. The right of recovery on such theory should not be extended to include the counsel fees or litigating expenses incurred by plaintiff. This is in accordance with the well-settled rule that, absent proof of malice, there can be no recovery as damages for counsel fees or other expenses incurred in defending against process lawfully issued and legal proceedings lawfully taken thereon; the party is limited to the costs prescribed by law. (See 25 C. J. S., Damages, § 50; 63 C. J., Trespass, § 233; 77 C. J. S., Replevin, § 282. See, also, *Sinskie* v. *Brust,* 66 App. Div. 34; *Cook* v. *Gross,* 60 App. Div. 446; *Hampton & Branchville R. R. Co.* v. *Sizer,* 35 Misc. 391.)

The judgment should be modified to restrict the recovery against the appellants to the amount of the undertaking, with interest and costs.

STEVENS and STEUER, JJ., concur with CAPOZZOLI, J.; EAGER, J., dissents in opinion in which BOTEIN, P. J., concurs.

Order entered on July 7, 1965, affirmed and the judgment granted thereon modified, on the law and the facts, to the extent of reducing the amount given for legal services to $4,000, and as so modified, affirmed, without costs and without disbursements.