LOUISA D. WEHLE, Respondent, v. HENRY L. BUTLER et al., Appellants.

Where, by the instigation and direction of a party in whose favor a void attachment has been issued, an officer seizes and carries away the goods of another, such party may be held responsible for all the consequences of the loss, although the officer had in hands like illegal process in favor of others who were also concerned in the trespass. It is at the option of the injured party to sue one or all.

Where a party who wrongfully takes the property of another afterward procures it to be seized and sold under process in his own favor, this affords him no protection and is no defence in an action against him for the wrong.

Where the goods of a retail dealer are wrongfully taken and carried away, he is entitled to recover, as a part of his damages, the fair retail value of the goods thus taken.

(Argued May 27, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff entered upon a verdict. (Reported below, 3 J. & S., 1.)

This action was brought to recover damages for the alleged unlawful taking and carrying away of a stock of goods belonging to plaintiff.

The facts appear sufficiently in the opinion.

*Du Bois Smith* for the appellants.

*Charles Wehle* for the respondent. Defendants in taking the goods were trespassers. (*Lyon* v. *Yates*, 52 Barb., 237 ; *Kerr* v. *Mount*, 28 N. Y., 659 ; *Chapman* v. *Dyett*, 11 Wend., 31 ; *Smith* v. *Shaw*, 12 J. R., 257.) It was no defence that after the attachments in the marine court had been set aside ; the plaintiffs in those attachments procured others in another court to protect themselves. (*Ball* v. *Liney*, 48 N. Y., 14 ; *Lyons* v. *Yates*, 52 Barb., 237 ; *Peak* v. *Lemon*, 1 Lans., 295.) The order of the marine court setting aside and vacating the attachment is conclusive, and cannot be questioned collaterally. (*Dobson* v. *Pierce*, 12 N. Y., 164 ; *Smith* v. *Lewis*, 3 J. R., 157 ; *Haviland* v. *Wehle*, 43 How. Pr., 59.)

REYNOLDS, C. The stock of goods of the plaintiff was, near midnight on the 8th day of December, 1869, under several attachments issued out of the Marine Court of the city of New York, at the instigation of the defendants, seized and carried away, by the sheriff of that city, or by one of his deputies aided by a sort of *posse commitatus*, of which the defendants may be said to have formed a part. The attachments under which this proceeding was conducted were either irregular or void, and two days afterwards vacated by the court, from which they issued. To whatever extent they may have protected the officers, they offered none to the defendants, and the act was one, so far as they are concerned,

of an apparently unmitigated trespass. (*Kerr* v. *Mount*, 28 N. Y., 659.) Although the attachments were vacated, the goods were not returned, but converted by, or at the procurement of the defendants, and in fact the plaintiff's business, that of a retail merchant of fancy goods, was entirely broken up, and this action was brought to obtain some adequate redress for the alleged injury, and upon a trial before a jury in the Superior Court of the city of New York, the plaintiff recovered. That the defendants were liable in some amount appears to have been but feebly questioned on the trial, so far as is disclosed by the record, and the principal question was as to the value of the goods taken, and the amount of damages the plaintiff was entitled to recover. The evidence in respect to the value of the property taken was conflicting, and the verdict of the jury must be conclusive on that branch of the case. It appears that attachments in favor of parties other than the defendants were in the hands of the sheriff at the time the plaintiff's goods were taken and carried away, and it is supposed it was error for the judge at the trial to strike out or disregard the evidence of that fact, and hold the defendants responsible for all the consequences of the tort. But in this there was no error. The defendants with others were all concerned in a trespass against the plaintiff's rights, and she might sue one or several or all of them, and recover against one, or many or all, the damages she had sustained, and the joinder of all or the non-joinder of any was no objection. The wrong was joint and several. If more persons than was desired had been in fact sued, the case against them might be abandoned on the trial and the defendants retained could not complain. But here the other trespassers had not been joined as defendants; but evidence that they were equally liable with the defendants, whether received with or without objection, might properly be stricken out or disregarded so far as the present defendants are concerned.

The plaintiff's property was, after its seizure, sold for the benefit of the defendants upon some execution afterward obtained, and it seems that they were the persons very prop-

erly called upon to respond. It is so far apparent that the plaintiff's property was wrongfully taken and never returned, or offered to be, nor any compensation in any form tendered. It was conceded that all the proceedings against the plaintiff in the Marine Court, under color of which the trespass was committed, had been terminated, yet it is claimed that soon after and before the commencement of this suit some proceedings were had in the Court of Common Pleas of the city of New York, on the part of the defendants, by which the property, before unlawfully seized, was taken by attachment issued from that court, and that some motion to vacate these attachments was, in that court, denied. Without undertaking to criticise the vagueness of the offer of proof supposed to present the question now suggested as a defence, I propose for a moment to consider, in its broadest terms, the proposition contended for on the part of the defendants, and it is, in substance, this : A creditor may, without warning, in the night or the day, go to his debtor's place of business with a sufficient force and, without legal authority, seize and carry away all his property, break up his business, retain the property, bring some sort of suit, and finally have it sold by a sheriff, and then say this defends the violation of his debtor's legal rights. If this may be done all our laws relating to attachments against fraudulent debtors, and the care and caution under which such proceedings are allowed and sustained by the courts, may as well be repealed and the whole system abandoned ; and it will come to this : One creditor by force takes, at his pleasure, all the property of his debtor and holds it against all the world until by some legal process he may have it seized, under the color of some form of law, and sold and converted to his use. In such case the diligent creditor, in the law, will have to be regarded as the trespasser who asserts his supposed rights by the strong hand. Our judicial system has not hitherto approved this extraordinary process, in any form. It has been considered, in the courts, how far property illegally taken, and subsequently seized and sold under process by a third party, who was a creditor of the

owner, might be used as a defence in an action for the wrong. If the wrong-doer was not in connivance with the third party, it has been ·held that the fact of the taking by the third party might be used in mitigation of damages. (*Otis* v. *Jones*, 21 Wend., 394; *Lyon* v. *Yates*, 52 Barb., 237; *Peak* v. *Lemon*, 1 Lans., 295; *Higgins* v. *Whitney*, 24 Wend., 379; *Sherry* v. *Schuyler*, 2 Hill, 204; *Ball* v. *Liney*, 48 N. Y., 6.) But where the party who wrongfully takes the property procures it to be afterward seized and sold under process in his·own favor it affords him no protection in any form, and in this case that fact was made sufficiently apparent. This view of the question renders it unnecessary to consider the insufficiency of the offer of proof; or whether the defence sought to be interposed should have been pleaded, as in no condition of the pleadings could it have been made available.

The plaintiff was plainly entitled to recover, as a part of her damages, the fair retail value of the goods unlawfully taken. That was the nature of her business as a merchant, and the goods were, doubtless, purchased with reference to it; and, even if the exception to the charge, in that respect, can be said to have any point, it was not well taken; nor were any others, so far as I can discover.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.