LOUISA DONAI WEHLE, Respondent, *v.* JESSE B. SPELMAN and Others, Appellants.

*Damages — measure of, in an action for seizure, under an irregular attachment, of property subsequently sold under valid process against the plaintiff.*

Where property is wrongfully taken under an irregular attachment, it may be shown in a suit brought, after the setting aside of the attachment, to recover the damages occasioned thereby, that the property was subsequently seized under process issued in favor of another creditor of the owner and applied to the payment of his debt.

Where, however, the parties under whose subsequent process the property is finally taken have acted in concert with the attaching creditor against whom the action for damages is brought, and had first wrongfully themselves issued attachments, which, like that of the defendant, had been set aside as irregular, and the property after having been taken upon such irregular attachments has never, in fact, been returned to the plaintiffs' possession, the fact of the subsequent seizure under valid process in their favor, can have no effect upon the defendant's liability.

Appeal by the defendants from a judgment recovered on a trial at the Circuit, and from an order denying a motion for a new trial, made on the minutes of the court before which the action was tried.

*S. W. Fullerton*, for the appellants.

*Charles Wehle*, for the respondent.

DANIELS, J.:

The verdict was recovered for the value of a stock of goods seized under attachments procured by the defendants, the firm of Haviland, Lindsley & Co., and Butler, Broome & Clapp. These attachments were set aside as irregular and unauthorized, and an action was then brought against the defendants for the value of the property which had been taken and removed by virtue of them.

Other attachments were issued in favor of the two firms of Haviland, Lindsley & Co., and Butler, Broome & Clapp, after the first had been set aside, and the same property was again seized under the second attachments. At the close of the trial the court was requested to hold that the defendants were only liable for a proportional share of the damages sustained by the plaintiff by reason of the trespass, and that in considering the amount of damages the jury might take into consideration the fact that these second attachments were issued, and the property in controversy seized under them. Both of these propositions were declined by the court and the defendants excepted. When property is taken by the wrongful act of one person, its subsequent seizure under process issued in favor of another against the owner, upon which it is appropriated to the payment of his debt, is a circumstance which ordinarily may be received in mitigation of the liability of the wrong-doer. But to be attended with that effect it is essential that the person under whose process such seizure may be made shall not be in collusion with the wrong-doer, or a participator with him in the commission of the original wrongful act.

In this case these other firms acted in concert with the defendants in wrongfully seizing and appropriating the plaintiffs' property. They were equally culpable with the parties against whom the action has been prosecuted for the recovery of the value of the property. For that reason the attachments afterwards procured by them under which the property was again seized, could legally have no effect upon the extent of the defendants' liability. (*Lyons* v. *Yates*, 52 Barb., 237 ; *Pall* v. *Liney*, 48 N. Y., 6 ; *Wehle* v. *Butler*, 61 N. Y., 245.) The defendants were not in a situation in which they could mitigate the extent of their liability by showing this subsequent seizure or appropriation of the plaintiff's property. It never had been returned to her after it was first removed from her

possession by the wrongful act of all these parties acting together. They then became liable for its value, and the plaintiff had her option to sue a portion or all of them, as she elected, and nothing they themselves could afterwards do would relieve them from the liability arising out of their original wrongful act.

The judgment and the order should therefore be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment and order affirmed.