DANIEL J. SPRAGUE, Plaintiff, *against* WILLIAM H. PARSONS *et al.*, Defendants.

[SPECIAL TERM.]

(Decided May 15th, 1884.)

The complaint in an action for damages sustained by the levying of a void or irregular attachment need not aver malice or want of probable cause. An allegation in such a complaint that the attachment was "illegal, unauthorized and void," is a statement of a conclusion of law only, and will not admit proof that the attachment was void; but an averment that the attachment was vacated for irregularity is sufficient to sustain the action, although the rule of damages in such a case may be different from the rule in case of an absolutely void attachment.

TRIAL upon demurrer to complaint.

The action was brought to recover damages alleged to have been sustained by the issuing of a void attachment and levy thereunder by the sheriff, in an action in the Supreme Court by the defendants in this action as plaintiffs against the plaintiff in this action and others as defendants, to charge them with liability for the debt of the McKillop & Sprague Company, of which it was claimed that such defendants were trustees.

The complaint alleged the above matters, and that the attachment was vacated and set aside in said action, and alleged damages, &c. Defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. He urged that there could be no action except for malicious prosecution, and that in the absence of malice an action could only be maintained on the undertaking given to procure the attachment.

*W. Z. Larned*, for plaintiff.

*Gilbert R. Hawes*, for defendants.

Bradley v. De Goicouria.

J. F. DALY, J.—The complaint is sufficient. There is no need to aver malice or want of probable cause in suing for damages sustained by the levying of a void or irregular attachment. A process being void, the party who sets it in motion and all who aid him are trespassers (*Kerr* v. *Mount*, 28 N. Y. 659; *Wehle* v. *Butler*, 61 N. Y. 245; *Day* v. *Bach*, 87 N. Y. 56; see also in this court, *Wehle* v. *Haviland*, 42 How. Pr. 399; 4 Daly 550).

The action may be maintained if the process be irregular only, on proof that it has been set aside. The complaint avers that fact, and is sufficient in such an action. But the rule of damages may be different in such a case from the rule in case of an absolutely void attachment (*Day* v. *Bach*, above). The complaint here is not good as a pleading in an action of the latter class. The allegation that the attachment was "illegal, unauthorized and void," is a statement not of fact but of a conclusion of law (*Hammond* v. *Earle*, 58 How. Pr. 437–8). The plaintiff will have to amend if he desires to prove on the trial that the attachment was void. But as a complaint in an action upon an attachment voidable for irregularity, the complaint is good because it avers that the attachment has been vacated.

The demurrer is therefore overruled with costs. Leave to defendant to answer on payment of costs.

Judgment accordingly.