DANIEL J. SPRAGUE, Appellant, *against* WILLIAM H. PARSONS *et al.*, Respondents.

(Decided June 7th, 1886).

In an action for damages sustained by the levy of an attachment, a complaint which alleges that the attachment was wholly illegal or unauthorized by law and the court had no jurisdiction to issue the same and the same was null and void, and that the attachment was vacated on motion, without stating facts showing that the attachment was unauthorized, and without alleging that it was vacated for irregularity or as being unauthorized, does not state facts sufficient to constitute a cause of action.

APPEAL from a judgment of this court entered upon the dismissal of a complaint at the trial.

The complaint was dismissed upon the ground that it did not state facts sufficient to constitute a cause of action. The action was to recover damages sustained by the levy of an

attachment in an action brought by defendants against the plaintiff and others in the Supreme Court, which attachment had been vacated. The defendants asked for a dismissal of the complaint for the reason that the allegations of fact in the complaint did not show that the attachment was unauthorized or was irregular. Judgment for defendants was entered upon the dismissal of the complaint. From the judgment plaintiff appealed.

*W. Z Larned,* for appellant.

*Gilbert R. Hawes,* for respondents.

J. F. DALY, J.—[After stating the facts as above.]—The allegation of the complaint that the attachment was wholly illegal and unauthorized by law and the court had no jurisdiction to issue the same and the same was null and void, is a statement of a conclusion of law, and sets forth no facts whatever (*Hammond* v. *Earle,* 58 How. Pr. 426).

The allegation that the action in which the attachment was issued was an action against this plaintiff and others to charge them with liability for the debt of the McKillop & Sprague Company, of which corporation it was claimed that the defendants in that suit were trustees, does not show that the action was one in which an attachment was unauthorized. It does not state that the defendants therein were sought to be charged with liability as trustees. The liability with which they were sought to be charged might have been that of surety, and yet the allegation would have been true ; the claim that they were trustees not being averred as the ground of action. As, therefore, that action may have been an action for a money demand on contract, for aught that appears in the complaint in this action, it is not shown that the attachment was unauthorized in the action.

Nothing is left therefore but the allegation that the attachment was vacated on motion. But it is not alleged that it was vacated for irregularity, nor as being unauthor-

ized.  It might have been vacated for error upon a question of fact upon opposing affidavits.  Unless unauthorized or irregular an action of damages (not brought upon the undertaking) could not be maintained (*Day* v. *Bach*, 87 N. Y. 56).

It appears, therefore, that no facts were stated in the complaint constituting a cause of action, and the complaint was properly dismissed.

On the argument of a demurrer to the original complaint in this action (it has since been amended), I held that the complaint might be sustained as upon an attachment set aside for irregularity (12 Daly 392); but that point was evidently not discussed by counsel.

Judgment should be affirmed, with costs.

BOOKSTAVER, J., concurred.

Judgment affirmed, with costs.