## FREDERICK W. POSTHOFF, AS ASSIGNEE, ETC., APPELLANT, *v.* HENRY BAUENDAHL AND OTHERS, RESPONDENTS.

*Each of several trespassers is liable to the party injured for all his damages — where he brings an action against parties who have given an indemnity bond his right to recover against them is not imited by the fact that other bonds are held by the sheriff.*

Upon the trial of this action, brought by the plaintiff to recover damages for an alleged wrongful taking and conversion of property, it appeared that the goods had been seized by the sheriff under a warrant of attachment issued in an action brought against the plaintiff's assignor, and that the defendants herein gave a bond of indemnity to the sheriff for the amount of the claim, which exceeded $18,000; that at the time of the levy the sheriff held one other bond of indemity for a levy under an attachment issued in another action, and subsequently received other bonds in other actions. The court limited the recovery of the plaintiff in this action to the proportion which the defendants' bond of indemnity bore to the whole amount of bonds held by the sheriff.

*Held,* that it erred in so doing.

*O'Donohue* v. *Simmons* (31 Hun, 267) distinguished.

That as the plaintiff had the right to recover against any one, two or more of the trespassers his whole damages, he was entitled to recover his whole damages against the defendants in this action.

APPEAL from an order denying a motion to set aside the verdict rendered in this action, and for a new trial made upon the exceptions taken upon the trial and on the minutes of the justice before whom it was tried, because the verdict was for insufficient damages and contrary to evidence and to law.

The plaintiff brought this action to recover from the defendants the sum of $50,000, as damages for trespass. The plaintiff, as assignee of H. W. Stehr & Co., claimed certain property, taken by the sheriff on January 14, 1885, under an attachment issued in an action brought against H. W. Stehr & Co., and sought to hold the defendants, who had given an indemnity bond to the sheriff, liable for the damages. Upon the trial, the defendants were allowed, against the objections and exception of the plaintiff, to prove that after the delivery of the defendants' bond, other bonds were delivered in other actions brought against the plaintiff's assignor, amounting in all to $82,000, inclusive of that given by the defendants. This action was commenced February 28, 1885, after all the bonds had been executed.

The court charged the jury that the plaintiff could only recover of these defendants the proportion which the amount of their indemnity bond bore to the whole, which, by mistake, was stated to be $72,000 instead of $82,000, hence five-twelfths of the value. The jury found for the plaintiff against the defendants the sum of $10,439.09.

*W. B. Putney*, for the appellant

*Blumenstiel & Hirsch*, for the respondents.

VAN BRUNT, P. J.:

It is admitted in this case that the total value of the goods illegally seized amounted to over $25,000, and the jury have found that the plaintiff was the owner thereof, and that the goods were seized by the sheriff at one time, and that the defendants gave the first bond of indemnity, and that the defendants' claim amounted to over $18,000. At the time of levy the sheriff held one other bond of indemnity, and subsequently other bonds were given. Evidence as to the bonds of indemnity, other than that given by defendants, was objected to by plaintiff's counsel, but his objection was overruled and an exception taken.

The learned judge limited the recovery of the plaintiff in this action to the proportion which the defendants' bond of indemnity bore to the whole number of bonds held by the sheriff. In this we think the learned court erred. It is a well settled rule that where there are joint trespassers, the party injured may proceed against one, several or all for the recovery of his damages, and that he may recover his whole damages against any one, and that he may bring separate actions against each trespasser, but the satisfaction of a judgment obtained against any one of the trespassers is a bar to any further procedure in any of the other actions. ( *Wehle* v. *Butler*, 61 N. Y., 245.) In the case of a trespass by several persons, the wrong is joint and several. Therefore the satisfaction of the judgment in the case under consideration would be a bar to any action against any of the other trespassers. Each party to the trespass being liable for the whole damage, the plaintiffs in this action had the right to recover their whole damage against the defendants.

The learned court, it is claimed, based his ruling upon the case of

*O'Donohue* v. *Simmons* (31 Hun., 267). Even if it be true that the sheriff can only recover *pro rata* of indemnitors, which is all that is intimated in that case, which can be claimed to be pertinent to this appeal, such a rule has no application to the case at bar. This was not an action upon the bond of indemnity. The bond was only evidence that the defendants aided and abetted the sheriff in the trespass, and was proof of the same character, as evidence of the presence of the defendants with the sheriff, at the time of the trespass, would have been. The plaintiff, having the right to recover against any one, or two, or three of the trespassers his whole damage, was entitled to recover his whole damage in this action. It is not necessary to pass upon any other question raised upon the the argument of this appeal.

Judgment must be reversed and a new trial granted, with costs to the appellant to abide event.

BARTLETT, J., concurred.

Judgment reversed, new trial granted, with costs to appellant to abide event.