THE TOWN OF ONTARIO, Appellant, *v.* THE FIRST NATIONAL BANK OF ANDES, Respondent, Impleaded, etc.

*Action against a former holder of town bonds, illegal under the New York decisions, who has transferred them to a non-resident to be enforced in the United States Court — the judgment of the United States Court cannot be attacked collaterally.*

An action was brought by the town of Ontario, the complaint in which alleged that certain bonds, theretofore issued by said town in furtherance of the construction of the Lake Ontario Shore Railroad, had been adjudged by the Court of Appeals of the State of New York to be void; that the defendant, being the owner of certain of such bonds, in order to escape from the force of such adjudication, transferred them to a resident of Connecticut, who brought an action against the town in the United States Circuit Court, and obtained judgment therein for the amount of the bonds. The complaint asked judgment that the bonds be adjudged to be illegal and void, and that the judgment of the Circuit Court of the United States be decreed to be a nullity.

*Held,* that if, for any reason, a fraud had been practiced upon the United States Circuit Court, or the proceedings were colorable or collusive, and the action in that court had been brought to defeat instead of to further the ends of justice, that the remedy lay in an application to that court to grant the proper relief, which it had ample power to do.

That the proceedings in the United States Circuit Court could not be attacked collaterally in this action brought in a court of the State of New York.

Appeal by the plaintiff, the Town of Ontario, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Wayne on the 22d day of October, 1887, in favor of the defendant, the First National Bank of Andes.

The action was tried at a Special and Equity Term of the Supreme

Court, held in the county of Wayne on September 22, 1887, by which court a decision was rendered dismissing the plaintiff's complaint.

*J. Welling*, for the appellant.

*W. H. Johnson*, for the respondent.

CORLETT, J.:

In December, 1883, an action was commenced in the United States Circuit Court for the northern district of New York by Dudley P. Ely against the plaintiff in this action. On the 14th day of July, 1885, the plaintiff in that action recovered a judgment against the plaintiff in this action for $2,512.68. The said Ely at the time of the commencement and trial of that action was a citizen and resident of the State of Connecticut, and the action was brought to recover the amount apparently due upon certain bonds of the town of Ontario, issued under an act passed April 11, 1868 (chap. 811), entitled "An act to authorize certain towns in the counties of Oswego, Cayuga and Wayne to issue bonds, and take stock in and for the construction of the Lake Ontario Shore Railroad," as amended in April, 1869. (Chap. 241 )

The plaintiff in this action alleges, among other things, the bringing of the action in the United States Circuit Court; the recovery of the judgment, that it remained unsatisfied and had not been vacated or reversed; that the defendant, the First National Bank of Andes, was the owner of some of those bonds. That the Court of Appeals of this State had adjudged them void, and that the bank, to obviate the force of such adjudication, fraudulently asssigned, without consideration, those bonds to Ely, who obtained a judgment upon them as above stated, and then assigned it to the bank, and that the bank was taking proceedings to enforce the judgment.

The complaint alleges, in substance, that the arrangement between the bank and Ely was colorable and fraudulent, and entered into for the purpose of transferring the question of the validity of the bonds from the courts of this State, which had adjudged them void, to the Circuit Court of the United States. The prayer of the complaint is that the bonds may be adjudged illegal and void, and that the judgment of the Circuit Court of the United States may be decreed to be a nullity.

At the close of the trial of this action, the court dismissed the complaint upon the ground that the plaintiff's remedy, if any, was an application to the Circuit Court of the United States to vacate and set aside the judgment and proceedings in the Circuit Court. Judgment was entered upon the decision of the trial court, and the plaintiff appealed to this court.

The allegations in the complaint in this action are to the effect that the judgment of the Circuit Court of the United States was absolutely void.

The act of March 3, 1875 (§ 5, 18 U. S. Stat., 470; 1 Supp. R. S., 175), is as follows: "That if, in any suit commenced in a Circuit Court, or removed from a State court to a Circuit Court of the United States, it shall appear *to the satisfaction of said Circuit Court*, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said Circuit Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just, but the order of said Circuit Court dismissing or remanding said cause to the State court shall be reviewable by the Supreme Court on writ of error or appeal, as the case may be."

The act of congress of September 24, 1789 (chap. 20, § 11; 1 U. S. Stat. at Large, 78), confers jurisdiction upon United States Circuit Courts as follows: "That the Circuit Courts shall have original jurisdiction, concurrent with the courts of the several States, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, $500, * * * and the suit is between a citizen of the State where the suit is brought and a citizen of another State."

It is a familiar rule that a decree of a competent tribunal cannot be questioned collaterally. (*Kinnier* v. *Kinnier*, 45 N. Y., 535; *Hunt* v. *Hunt*, 72 id., 217.) The plaintiff in the action in the Circuit Court of the United States lived in Connecticut; that court had jurisdiction of the parties and subject-matter; the action pro-

ceeded to judgment. If for any reason a fraud was practiced upon that court, or the proceedings were colorable or collusive, and the action was brought to defeat instead of to further the ends of justice, that court had ample power, on proper application, to grant full relief. The remedy is not by an action in this court to correct the proceedings of the United States Circuit Court collaterally.

The allegations in the complaint in the present action, to the effect that the judgment of the Circuit Court was absolutely void, are mere legal conclusions, adding nothing to the inferences deducible from the facts alleged. (*Sprague* v. *Parsons*, 14 Abb. N. C., 320; *Supervisors of Saratoga* v. *Seabury*, 11 id., 468; *Price* v. *Brown et al.*, 98 N. Y., 388.)

The conclusions reached by the trial court were correct, and the judgment must be affirmed.

DWIGHT, P. J., concurred; MACOMBER, J., not sitting.

Judgment appealed from affirmed, with costs.