### HOFFMAN v. TAYLOR et al.

(Supreme Court, Appellate Term.    May 24, 1910.)

1. MALICIOUS PROSECUTION (§ 49*)—PROBABLE CAUSE—PLEADING WANT OF.

The complaint must allege the lack of probable cause, in order to maintain an action for malicious prosecution of a civil remedy.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 94–96; Dec. Dig. § 49.*]

2. ATTACHMENT (§ 373*)—WRONGFUL ATTACHMENT—ACTION FOR DAMAGES—PLEADING.

To maintain an action for damages for levying a void or irregular attachment, plaintiff must show that the writ was void or vacated for ir-

---

regularity, or because unauthorized; and a complaint is insufficient where it merely alleges that it was duly vacated.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1358, 1359; Dec. Dig. § 373.*]

3. COSTS (§ 238*)—APPEAL—REVERSAL ON DIFFERENT THEORY.

Where the grounds upon which a judgment is reversed were not presented by appellant below, and an affirmance would have been necessary upon his theory, he will not be allowed costs on appeal.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 912; Dec. Dig. § 238.*]

Appeal from City Court of New York, Special Term.

Action by Jacob Hoffman against Louis M. Taylor and others. From an interlocutory judgment overruling a demurrer to the complaint, defendants Bates appeal. Reversed, and demurrer sustained, with leave to amend.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Abr. A. Silberberg, for appellants.

Reich & Brand, for respondent.

PAGE, J. The plaintiff sues for damages alleged to have been caused by the acts of the defendants Jerome E. and Leonard W. Bates in instigating their employé, Louis M. Taylor, the third defendant, to procure an attachment. By paragraph 7 of the complaint it is alleged that the attachment "was duly vacated at the order of the Municipal Court of the city of New York, signed by Hon. John Hoyer on the 22d day of October, 1908." The eighth paragraph of the complaint reads as follows:

"That the said writ of attachment was maliciously and wrongfully issued, and with intent to injure and destroy the plaintiff's business, by the said Louis M. Taylor, one of the defendants herein, acting as an employé or agent of, and at the instigation and under instructions of, the said J. E. Bates & Co. That the said writ of attachment thus maliciously and wrongfully issued, and thereafter duly vacated, ruined the plaintiff's business, and caused him severe damages, in the sum of two thousand ($2,000) dollars."

The complaint is framed with the evident intention of either covering a cause of action for malicious prosecution of a civil remedy, or for damages for the levying of a void or irregular attachment, but with insufficient allegations to support either. To support an action for malicious prosecution of a civil remedy, the complaint should have alleged the lack of probable cause. The respondent concedes that he did not intend to frame his complaint for "malicious prosecution or malicious attachment." Then why the allegation:

"The said writ of attachment was *maliciously and wrongfully issued, and with intent* to injure and destroy the plaintiff's business. * * * The said writ of attachment thus *maliciously and wrongfully issued*."

The italicized words are appropriate only if the action was for malicious prosecution.

Treating this action as one for damages for the levying of a void or irregular attachment, the complaint is insufficient, in that it does not allege either that it was void or irregular, "but merely that it was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

duly vacated." It might have been vacated on opposing affidavits, which would not have given rise to this cause of action.

Respondent's counsel and the court below relied upon an obiter dicta of Judge Daly in Sprague v. Parsons, 14 Abb. N. C. 320, as an authority for sustaining the complaint. In that case, however, the complaint was thereafter amended, but was dismissed at Trial Term, on the ground that it did not state facts sufficient to constitute a cause of action. On appeal Judge Daly, again writing the opinion, said:

"Nothing is left, therefore, but the allegation that the attachment was vacated upon motion. But it is not alleged that it was vacated for irregularity, nor as being unauthorized. It might have been vacated for error upon a question of fact, upon opposing affidavits. Unless unauthorized or irregular, an action for damages (not brought upon the undertaking) could not be maintained. Day v. Bach, 87 N. Y. 56." Sprague v. Parsons, 13 Daly, 553.

The authority cited in the opinion clearly sustains the proposition stated. See, also, Marks v. Townsend, 97 N. Y. 590, 597–600; Coleman v. Brown, 126 App. Div. 44, 45, 110 N. Y. Supp. 701.

It would be necessary for the plaintiff to prove in this action that the writ was either void, or vacated for irregularity, or as not being authorized. It being necessary to prove that fact, it should be alleged.

It is but fair to the lower court to state that these considerations were not presented by counsel in this court, and hence, we assume, were not before him. Had our decision been based upon the theory of appellant, we should have affirmed, and for that reason the appellants should not have costs on this appeal.

The interlocutory judgment should be reversed, and the demurrer sustained, with leave to plaintiff to amend within six days on the payment of costs of the lower court. All concur.