### WHITTLESEY v. PHILIP BECKER & CO.

(Supreme Court, Appellate Division, Fourth Department. January 11, 1911.)

1. BANKRUPTCY (§ 60*)—ACT OF BANKRUPTCY—ASSIGNMENT FOR BENEFIT OF CREDITORS.

The making of a general assignment for the benefit of creditors without preference is a constructive fraud on the bankruptcy act, though made with no fraudulent intent, and is an available act of bankruptcy if made within four months before the filing of a petition in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. § 60.*]

2. BANKRUPTCY (§ 172*) — RIGHTS OF TRUSTEE — PROPERTY ASSIGNED FOR CREDITORS.

An assignee under a general assignment for the benefit of creditors, executed within four months before the filing of a petition for the adjudication of the assignor as a bankrupt, acquires no title to the assignor's property as against the rights of the bankruptcy court through its authorized officers, and, when possession is taken by such officers, the taking is not of property of the assignee, but of the bankrupt unaffected by the assignment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 220; Dec. Dig. § 172.*]

3. BANKRUPTCY (§ 101*)—FILING OF PETITION—CONTROL OF PROPERTY PENDING ADJUDICATION.

On the filing of a petition in bankruptcy, the whole assets of the bankrupt come within the jurisdiction of the bankruptcy court, to be applied and disposed of as directed by the bankruptcy act for the benefit of creditors, provided the bankruptcy proceedings result in an adjudication of bankruptcy, and pending the adjudication in bankruptcy the court may take the property into its custody and control it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 103; Dec. Dig. § 101.*]

4. BANKRUPTCY (§ 156*)—PENDING ACTIONS—ASSIGNMENT TO TRUSTEE—MITIGATION OF DAMAGES.

A debtor made a general assignment for the benefit of creditors to an assignee, who accepted the trust and took charge of the property. A creditor with notice of the assignment attached the debtor's property, but subsequently the attachment was vacated for irregularity. Thereafter the debtor was adjudged a bankrupt, and pending the adjudication the bankruptcy court appointed a receiver of the debtor's property, and he took actual possession of all the property of the debtor. The assignee subsequently sued the creditor for conversion to recover the property taken under the attachment. The cause of action was assigned to the trustee in bankruptcy. *Held*, that the creditor was entitled to an allowance in mitigation of damages to the extent of the amount realized by the receiver on a sale of assets taken from the creditor pursuant to the order of the bankruptcy court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 240–246; Dec. Dig. § 156.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. BANKRUPTCY (§ 156*)—PENDING ACTIONS—ASSIGNMENT TO TRUSTEE—MITI-
GATION OF DAMAGES.

The proceedings instituted by a creditor filing a petition in bankruptcy
against his debtor who has made a general assignment for the benefit
of creditors is brought against the debtor for the purpose of having all
the property of the debtor, including that taken from the assignee, ap-
plied in the orderly course of bankruptcy proceedings in payment of the
claims against the bankrupt, and the fact that the creditor had previ-
ously attached the debtor's property under an attachment which was
vacated does not prevent him from receiving an allowance in mitiga-
tion of damages for conversion the value of the debtor's property taken
by the receiver appointed by the bankruptcy court on the filing of the
petition in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 240–246;
Dec. Dig. § 156.*]

Appeal from Trial Term, Niagara County.

Action by Frederick Whittlesey as trustee of Ralph S. Bevins and
others, copartners, bankrupts, against Philip Becker & Co. and others.
From a judgment for plaintiff, after both parties had moved for a di-
rected verdict at the close of the evidence, defendant named appeals.
Reversed, and new trial granted.

The bankrupts, Ralph S. Bevins, George W. Smith, and Mary A. Smith,
made up the membership of the partnership firm of Ralph S. Bevins &
Co., which on and prior to December 22, 1906, was doing a retail grocery
business in the city of Niagara Falls. On that day the firm made a general
assignment of its property to Walter W. Chamberlain for the benefit of its
creditors without preferences. He accepted the trust, took charge of the as-
signed property, and the defendant Philip Becker & Co. had notice of the
assignment. On the same day this defendant, a creditor of the firm, ob-
tained a warrant of attachment issued in an action brought by it against
the firm, and in the evening of that day levy thereunder was, as directed by
defendant's agent, made by the sheriff's deputy, and notice given the as-
signee's agent in charge of the assigned property that all of it was taken
under the attachment. One Prime was placed in charge of the property as
the sheriff's agent, who remained in charge of the property and conducted the
business at the store, making sales of stock therefrom, for about one week.
On December, 24th Chamberlain, the assignee, demanded of the sheriff's
agent return of the property, which was refused. On December 27th
the warrant of attachment was vacated for irregularity. December 29th
three creditors of the firm of Bevins & Co., one of whom was the defend-
ant Philip Becker & Co., filed a petition with the District Court of the
United States having jurisdiction of the proceeding thereby begun pray-
ing adjudication that the members of the firm of Bevins & Co. were bank-
rupts. One Wood was thereupon by the District Court appointed receiver
in the bankruptcy proceedings of all the property of the copartnership;
and he was by the order appointing him directed to take into his custody
and control all the property of the copartnership. Having filed the re-
quired bond, the receiver on the same day of his appointment received from
the sheriff's agent and took actual possession of all the property of the firm
then remaining in the possession of the latter, including cash received for
sales of property by him and accounts where credit had been given pur-
chasers, together with all other accounts due the firm. An appraisal was
made of some part of the property taken, and the receiver, as directed by a
subsequent order of the District Court, sold perishable property, a part of
the stock taken by him, and ultimately sold the remainder of it. He also
collected some accounts due the firm when it made the general assignment.
He received in cash from the sale of stock and collection of accounts $4,865.-
09. From these funds he has as directed by orders made in the bankruptcy

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proceedings retained as his fees as receiver allowed by the court, and has paid appraiser's fees and disbursements as receiver sums aggregating $1,303.51.

On December 31st, two days after the receiver had taken over the sheriff's agent possession of the firm assets, Chamberlain, as assignee, began an action in conversion against Philip Becker & Co. and Eckensperger, the sheriff, to recover as damages the value of the property taken under the warrant of attachment. Owing to the fact that the bankruptcy proceedings were contested by Bevins & Co., the order adjudicating its members bankrupts was not made until December 7, 1908. On February 12, 1909, plaintiff was duly elected trustee of the bankrupt estate. He duly qualified and has since been acting as such trustee. The conversion action brought by Chamberlain was then pending. He assigned this cause of action to the trustee. By an order made in the bankruptcy proceedings substitution of the trustee as plaintiff in place of the assignee and continuance of the action by the trustee for the benefit of the bankrupt estate was authorized. The trustee was thereafter substituted as plaintiff in the action by order of the Supreme Court. At the close of the evidence, the complaint was dismissed as to the defendant Eckensperger, the sheriff.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

W. C. Carroll and Lewis & Carroll, for appellant.

Eugene M. Bartlett and Clinton T. Horton, for respondent.

ROBSON, J. Appellant seems to concede that Chamberlain, as assignee, had a cause of action against it for the conversion of the property assigned to him by Bevins & Co., which accrued when the property was taken by the sheriff under the invalid warrant of attachment; but insists that the damages which plaintiff as assignee of Chamberlain's cause of action can recover in this action should be mitigated to the extent of the amount realized by the receiver in the bankruptcy proceeding on sale of assets of the bankrupt taken by him from defendants pursuant to the order of the bankruptcy court by which he was appointed. Leggett v. Baker, 13 Allen (Mass.) 470. Its answer properly presents this partial defense.

The act of bankruptcy, upon which the application for adjudication of Bevins & Co. as bankrupts was predicated, was the making of the general assignment to Chamberlain. This within the decisions, though made with no fraudulent intent, was a constructive fraud upon the bankruptcy act itself, and was an available act of bankruptcy, if made within four months before the petition was filed. Cohen v. American Surety Company, 192 N. Y. 227, 236, 84 N. E. 947. Matter of Gray, 47 App. Div. 554, 62 N. Y. Supp. 618. The effect of a general assignment, considered in relation to the bankruptcy law, is thus stated in Collier on Bankruptcy (7th Ed.) 814:

"A general assignment, being not only a fraud on the act, but an act of bankruptcy, seems to stand on a different footing from fraudulent transfers per se. The assignment being void by operation of law, no title passes, and the general assignee does not become an adverse claimant, but at most a mere agent of the assignor. Property of the bankrupt in his possession, or that of his agent, can therefore be reached summarily by the method suggested in Bryan v. Bernheimer."

Citations of authorities, upon which this generalization of the author is based, are given, and seem to support this statement of the law. Ti-

tle to the property of Bevins & Co. never having passed to Chamberlain as assignee as against the right of the bankruptcy court through its authorized officer in the bankruptcy proceeding to take possession and control of it, when such control and possession were taken, the taking was not of property of the assignee, but of the bankrupt estate unaffected by the assignment. It is doubtless true that the trustee may for the benefit of the bankrupt's estate avail himself of rights and interests accruing to the advantage of the estate by reason of the effect of the assignment itself or of acts done by the assignee in protecting the assigned property, its possession or the title thereto. In re Fish Bros. Wagon Company, 164 Fed. 553, 90 C. C. A. 427, 26 L. R. A. (N. S.) 433. It would appear, therefore, that, had the receiver in bankruptcy not taken possession of the bankrupt's assets, the trustee when appointed could at his option, exercised for the advantage of the bankrupt estate, either have recovered of the defendant the property taken under the attachment, or have recovered its value in the conversion action as assignee of the right of action, which had accrued to Chamberlain the general assignee. But it clearly appears and the court has expressly found that the receiver took possession of such property of the bankrupts as was left on the date of his appointment as receiver.

We are now brought to a consideration of this action of the receiver in taking possession of the property of the bankrupts as affecting, if at all, the right of the trustee to recover damages to the full value of the property taken by defendants from the assignee. Immediately upon filing the petition in bankruptcy, the whole assets of the bankrupt came within the jurisdiction and control of the bankruptcy court, to be applied and disposed of as directed by the bankruptcy act for the benefit of the bankrupts' creditors, provided the bankruptcy proceedings should result in an adjudication of bankruptcy. Asserting and effectuating its control of the bankrupts' assets, the court appointed the receiver its officer to take possession of the bankrupts' assets. It may be true that the receiver is a mere custodian, or caretaker, of the bankrupts' property of which he takes possession. Collier on Bankruptcy, 30; Matter of Oakland Lumber Company, 23 Am. Bankr. Rep. 181, 185, 174 Fed. 634, 98 C. C. A. 388. Pending and prior to the adjudication in bankruptcy, title to the bankrupts' property still remains in him. But the court may take into its custody and control this property pending an adjudication. As against the rights represented in the bankruptcy proceeding the assignee had no title to the bankrupts' assets. The possession of the bankrupts' property taken by the receiver is unaffected by any claim which the assignee could make under the general assignment, for that gives him no title and no right of possession as against the receiver, who it seems may summarily take the property from his possession. Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814. If the receiver had the right summarily to take the bankrupts' property from the possession of the assignee, it would seem to follow that he had at least an equal right to take from one who had tortuously taken the bankrupts' property from the assignee, such taker making no adverse claim to the prop-

erty. The receiver in the latter case takes not the property of the assignee, but the property of the bankrupt with the title unaffected by the assignment or by the subsequent unauthorized attack upon the possession of the assignee by the tortuous taker of the property from him. It follows that to the extent of the bankrupts' property received from the tortuous taker and taken possession of by the receiver the bankrupts' property has been restored to, and taken possession of by, the legal custodian, who was entitled to accept return of the property by the tortuous taker. The receiver took possession of all the property unlawfully taken by defendants from the assignee under the warrant of attachment which remained in the hands of the sheriff's agent at the date of the receiver's appointment, which with the cash realized on the sales made from stock by the agent and collections of accounts for stock sold on credit thereafter made by the receiver comprised nearly all of the property originally taken by them. From the proceeds of the property, which the receiver thus took from defendants, considerable sums have actually been used as directed by subsequent orders of the bankruptcy court, made in the bankruptcy proceedings, in payment of fees and expenses allowed and incurred in the due administration of the bankrupts' estate by the receiver before the appointment of plaintiff as trustee. It would seem that these facts conclusively establish a return of this portion of the property to one legally entitled to accept for the rightful owner return thereof and a subsequent legal exercise by him of dominion over it by selling it and disbursing part of the proceeds. It is true that the trustee's title to the bankrupts' property "goes back by relation to the date of the commencement of the proceeding" in which he is appointed trustee. Collier on Bankruptcy, 808. But, when before his appointment a receiver duly appointed has taken possession of some part or all of the bankrupts' assets, the trustee must necessarily accept those assets from the receiver in the form which they have legally assumed in the former's hands. It follows that defendant was entitled to an allowance in mitigation of damages of the value of the bankrupts' property returned to and taken by the receiver.

Respondent further insists that appellant cannot shield itself from liability to plaintiff for the full value of the property taken from the assignee under the warrant of attachment by showing in mitigation of damages that some part of the property taken has been again taken into the legal possession of an officer of the court acting in a proceeding begun by it after the conversion was accomplished. In support of this position, our attention is directed to the case of Wehle v. Butler, 61 N. Y. 245. In this case the court says:

"It has been considered in the courts how far property illegally taken and subsequently seized and sold under process by a third party who was a creditor of the owner might be used as a defense in an action for the wrong. If the wrongdoer was not in connivance with the third party, it has been held that the fact of the taking by the third party might be used in mitigation of damages. [Citing cases.] But, where the party who wrongfully takes the property procures, it to be afterward seized and sold under process in his own favor it affords him no protection in any form, and in this case that fact was made sufficiently apparent."

Though appellant was a petitioning creditor, the proceeding instituted was not in effect in its behalf, or for its benefit, but was one directed not against Chamberlain the general assignee, in whose right this action is brought, but against Bevins & Co. only, its ultimate object being to have the bankrupts' property applied ratably in satisfaction of the claims of all creditors of the firm. It is not a proceeding the purpose of which primarily at least is as in the case last above cited to destroy the title to property of one from whom it has been illegally taken, or render it ineffectual in support of his cause of action against the wrongdoer; but it is to have all the property of the real owners, the bankrupts, including the property taken from the assignee, applied in the orderly course of bankruptcy proceedings in payment of the claims against the bankrupts. There would seem to be no reason why the fact that appellant joined in such a petition should preclude its right to set up the facts, already fully set out above, in mitigation of damages in this action any more than it would in a similar case where it appeared an administrator of an estate had been appointed on its petition. It would hardly be reasonable to hold that such fact would preclude the wrongdoer from showing in mitigation of damages the fact that he had returned to the administrator the property which he had wrongfully taken from the intestate's agent.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.