portant here), except from a list of qualified persons, certified to be such by the civil service commission after competitive examination.

The injunctions granted are attacked upon the ground that these actions are unauthorized, either by section 1925 of the Code of Civil Procedure, or by section 51 of the General Municipal Law (Consol. Laws, c. 24; Laws of 1909, c. 29) relating to actions by taxpayers, or by section 28 of the Civil Service Law (Consol. Laws, c. 7; Laws of 1909, c. 15). We think these statutes furnish authority for these actions. They relate only to county, town, city and village officers. The defendant Meahl insists that under section 19 of article 6 of the state Constitution he, as county clerk, becomes clerk of the Supreme Court with respect to that court's activities within his county, and that, therefore, he and his deputies are state officers and not subject to action on the part of taxpayers to restrain their illegal acts. While it is true that as a part of his official duty the Erie county clerk serves as clerk of a state court, and to that extent may be said to be a state officer, the threatened appointments would not be made in the capacity of clerk of the Supreme Court, but rather as clerk of the county of Erie, elected such by the votes of the electors of his county and having no jurisdiction beyond its precincts. As such county official we think he was clearly subject to the provisions of law relative to actions by taxpayers to restrain unlawful action on his part in the respect mentioned.

[3] Nor do we think these actions premature. The threatened illegal action of the defendant Meahl was so imminent as to call for prompt action to restrain its consummation. The orders reinstating the injunctions first granted were proper and should not be disturbed.

In each case, order affirmed, with $10 costs and disbursements.

DE ANGELIS, J., not sitting.

---

(95 Misc. Rep. 364)

### GILBERT v. MECHANICS & METALS NAT. BANK OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. May, 1916.)

BANKRUPTCY ⬤⇒157, 299—ACTION AGAINST CREDITOR—PARTIES.

Code Civ. Proc. § 756, providing that, in case of transfer of interest, an action may be continued by the original party, does not, on an adjudication in bankruptcy, apply to an action against a debtor of a bankrupt by the bankrupt's assignee for the benefit of creditors, since the trustee in bankruptcy does not take title through the assignee, but by a superior title, and such an action cannot be maintained either by the assignee or by the trustee in the name of the assignee; Bankr. Act July 1, 1898, c. 541, § 67, 30 Stat. 564 (U. S. Comp. St. 1913, § 9651), relating to liens against the property of a bankrupt, not being applicable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 237, 238, 448; Dec. Dig. ⬤⇒157, 299.]

Action by Francis Gilbert, as assignee for the benefit of creditors of Alessandro Bolognesi and another, formerly doing business as A.

Bolognesi & Co., against the Mechanics & Metals National Bank of the City of New York. On motion by defendant for judgment on the pleadings. Granted.

See, also, 172 App. Div. 25, 157 N. Y. Supp. 953.

Olcott, Gruber, Bonynge & McManus, of New York City, for plaintiff.

Frank M. Patterson, of New York City, for defendant.

GIEGERICH, J. The trustees in bankruptcy did not take title through the plaintiff, as assignee for the benefit of creditors of A. Bolognesi & Co., but took by a superior title (Black, Law & Prac. of Bankruptcy, § 440; Whittlesey v. Becker & Co., 142 App. Div. 313, 126 N. Y. Supp. 1046); hence section 756 of the Code of Civil Procedure has no application, and the action cannot be maintained, either by the plaintiff, who no longer has title, or by the trustees in his name, for no title has been transferred from him to them. I cannot see that section 67 of the Bankruptcy Act has any application to the case. The plaintiff did not procure any lien upon the fund in question, either by the assignment or by the institution of this action. If he had procured any lien, perhaps the trustees could have been subrogated to it; but it would not follow that they were authorized to continued the present action for the purpose of enforcing their rights.

Counsel for plaintiff frankly states that the present action is sought to be continued by the trustees of the bankrupt estate in the name of the plaintiff on the theory that the defendant would then have no right to offset a debt due it from the plaintiff's assignors and exceeding the amount of the plaintiff's claim; whereas, if an action were brought by the trustees in bankruptcy, the defendant would, under the Bankruptcy Act, have the right to make this offset. It would be regrettable if by such a device a debtor's estate, thrown into bankruptcy by virtue of the act enacted for that very purpose, could be administered in defiance of the equitable provisions of the act relating to offsets. In other words, it would be strange, not to say unconscionable, if the creditors of the bankrupt could avail themselves of the benefits of the act, while refusing to recognize the right of offset given by the act itself to one of their number, and insist that he must pay his debt to the bankrupt in full and claim against the estate, not for the balance due him, but for the full amount of his independent claim. Motion for judgment on the pleadings dismissing the complaint granted, with $10 costs.

Motion granted, with $10 costs.