Dykmam, J.
—This is an appeal from an order of the special "term the supreme court inflicting punishment on the ■defendant Post for a contempt in refusing to obey the mandate of the court.
On the 13th day of October, 1888, an order was made at a special term of this court appointing a receiver of all the franchises, seal and property of every description, records, books and papers of the corporation, known as the Hew York Transit and Terminal Company (Limited). That ■order, also, required all persons in ■ possession of any such franchises, property, records, books, papers and seal, to surrender the same to the receiver on demand forthwith.
A copy of the order was served on the defendant Post personally,, on the 19th day of October, 1888, accompanied by a letter from the receiver, requesting Post to inform him at what hour that afternoon or on the following Monday the officers of the Terminal Company, Post being one, would deliver to him the property, books, papers and seal ■of that company as directed by the order.
Post stated in reply that he would meet the receiver at the office of the company on Monday, Hovember 22, 1888, at noon.
_ The receiver with his counsel attended at the appointed time and place, but Post was not there. Another appointment was made for a meeting at the same place on the following Wednesday at noon, and the receiver and his counsel, Mr. Boardman then met the defendants Barnes and Post and had an interview.
A formal demand was then made for the books, seal and property of the Transit and Terminal" Company in accordance with the order of October 13, 1888, accompanied with .a statement that the whole or any part thereof would be accepted.
In reply to the demand Mr. Post said he had taken counsel and was advised that the order of October 13, 1888, was made in a case not authorized by law, and contrary to the express provision of the statute.
He stated further that in order to have the matter judicially determined, he had that morning obtained from the supreme court an order to show cause why the order of October thirteen • should not be vacated and declared void, which order was returnable on Friday next, and he suggested that matters should be allowed to stand as they were until the hearing upon such order. To that suggestion no reply was made. • At this interview, Post made no denial of *53 his inability to deliver the property demanded, and based his refusal to comply with the order upon its illegality and invalidity solely. In his affidavit to oppose the motion for his punishment for contempt, he says he did not then have any of the books or papers in his possession, which means only actual possession, and is far from a statement of want of control or ability to comply with the order. On the contrary, his conduct and language amounted to an admission as ability to comply with, and obey the order, and a refusal to obey because the order was illegal and void.
Such conduct and refusal was clearly contumacious. While the order was in force, it was the duty of the. defendant to «obey it, and not to avoid it by subterfuges.
If a party can be permitted to disobey an order of the court because he deems it invalid, there will be a speedy end to obedience of legal process. Mandates of courts of general jurisdiction issued in the usual course of legal procedure are valid until reversed, and impose a duty of compliance, and disobedience thereto is contempt.
In this case, however, the design of the defendant was to avoid and defy the order. His pretense was false and frivolous. His conduct amounted^ to a willful contempt, and presents a case for the interposition of the court for the vindication of its process.
It is true, that no punishment can be imposed for disobedience of a mandate in excess of the jurisdiction, and beyond the power of the tribunal from which it issued, and the authorities cited by the appellant relate to that class of writs and orders.
“ Errors committed by a court upon the hearing of an action or proceeding which it is authorised to hear, but not affecting any jurisdictional facts do not invalidate its orders or authorize a party to treat them as void, but can be taken advantage of only by appeal or motion in the original action. Fischer v. Langbein, 103 N. Y., 90; 2 N. Y. State Rep., 768; Day v. Bach. 87 N. Y., 56.
Here, the order for the appointment of a receiver, was within the powers and jurisdiction of the supreme court, and made on notice, and after full hearing in an action where the court had jurisdiction of the parties, snd of the subject-matter. Moreover, the order has been affirmed at the present term of this court, and our reasons for such affirmance are contained in the opinion prepared upon that appeal, and require no repetition here.
The order should, therefore, be affirmed, with ten dollars costs and disbursements.
Pratt, J., concurs; Barnard, P, J., not sitting.