(4 Misc. Rep. 268.)

## RUSER v. UNION DISTILLERY CO.

(City Court of New York, General Term. June 19, 1893.)

TROVER—DEMAND—GOODS TAKEN UNDER ATTACHMENT.

Failure to serve process in an action within 30 days after an attachment had been granted, as required by Code Civil Proc. § 638, renders the attachment void, under section 416, which provides that jurisdiction acquired by the granting of a provisional remedy is liable to be divested where it "is made dependent * * * upon some act to be done after the granting of the provisional remedy;" and a demand by the owner of the attached goods for their return, after the attachment had been vacated for such failure to serve process, need not be made before suing to recover the value thereof.

Appeal from trial term.

Action by Ludwig Ruser against the Union Distillery Company. From a judgment entered on a verdict on the 3d day of November, 1892, in favor of plaintiff, for $1,843.69, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before McGOWN and VAN WYCK, JJ.

Samuel E. Duffy, (S. F. Kneeland, of counsel,) for appellant.
James A. McCreery, for respondent.

McGOWN, J. This action was brought to recover the value of certain property, being the stock and entire business assets of a wholesale and retail wine and liquor store, which was taken by the sheriff under a warrant of attachment against the property of the plaintiff's assignor, at the suit of the defendant herein. The property in question was owned by one Henry Ruser, a brother of the plaintiff herein, said Henry Ruser having carried on business as a dealer in wines and liquors at No. 824 Third avenue for a long time prior to the commencement of this action. On or about the 20th day of April, 1891, an attachment was granted by the supreme court in an action wherein the defendant herein was plaintiff against the said Henry Ruser, and the goods in question were taken by the sheriff under said attachment on the 26th day of October, 1891. The said Henry Ruser, appearing specially for the purpose, applied to the court to vacate and set aside the warrant of attachment for irregularity, and on the ground that the court was without jurisdiction of the action, in this: that personal service of the summons was not made on the said Henry Ruser, or service thereof by publication commenced, or service thereof made, without the state within 30 days after the granting of said warrant of attachment. The said court thereafter, at a general term thereof, by order duly made and entered on or about the 26th day of October, 1891, granted said motion, and vacated and set aside said warrant of attachment. 16 N. Y. Supp. 50. None of the aforesaid property, taken and carried away by the defendant, was at any time returned to the said Henry Ruser. Subsequently, and before the commencement of this action, (which was commenced on or about the 16th day of January, 1892,) viz. on or about the 8th day of December, 1891, the said Henry Ruser assigned and

transferred to Ludwig Ruser, the plaintiff herein, his claim or demand and cause of action against the defendant herein, for damages for the unlawful taking away of the property hereinbefore mentioned. On or about the 30th day of June, 1891, in another action between the same parties, another warrant of attachment against the said property of the said Henry Ruser was granted, and a levy made thereunder by the same sheriff, and a sale of said property made by the sheriff for $638.30, which amount was applied by said sheriff, upon an execution founded upon the judgment obtained in the latter action.

It is claimed on the part of the defendant that the goods were left in the hands of the sheriff, and that no demand was ever made for the return thereof; that the court obtained jurisdiction under the original warrant of attachment, which had been vacated by the court at general term, by reason of the failure to serve the summons therein within 30 days after the issuing of the attachment, as required by the provisions of section 638 of the Code of Civil Procedure. Section 416 of the Code provides that:

"A civil action is commenced by the service of a summons. But, from the time of the granting of a provisional remedy, the court acquires jurisdiction, and has control of all the subsequent proceedings. Nevertheless, jurisdiction thus acquired is conditional, and liable to be divested, in a case where the jurisdiction of the court is made dependent, by a special provision of law, upon some act to be done after the granting of the provisional remedy."

The act required to be done, however, was, by section 638 of the Code, either the service of the summons personally or by publication. This question, however, has been finally adjudicated upon in Blossom v. Estes, 84 N. Y. 617, wherein Danforth, J., says:

"Thus, an attachment can issue only in an action. * * * There could be no action until after the actual service of the summons. * * * Here is a plain condition, on which the vitality of the attachment depended, and it has not been complied with. It was good when issued, but remained so for thirty days only, unless within that time one or the other of the two steps were taken. The plaintiffs, however, neither served the summons personally nor by publication. At the end of that time the statutory bar fell, and with it the attachment. The jurisdiction which attached upon allowances of the warrant ceased, and, as to that proceeding, it was as if the statute had been repealed."

In Fischer v. Langbein, 103 N. Y., at page 84, 8 N. E. Rep., at page 251, the same principle was sustained. Ruger, C. J., says, at page 90, 103 N. Y., and page 252, 8 N. E. Rep.:

"Void process is such as the court has no power to award, or has not acquired jurisdiction to issue in the particular case, or which does not in some material respect comply in form with the legal requisites of such process, or which loses its vitality in consequence of noncompliance with a condition subsequent, obedience to which is rendered essential."

And at page 94, 103 N. Y., and page 254, 8 N. E. Rep.:

"Where the jurisdiction of the court is made to depend upon the existence of some fact of which there is an entire absence of proof, it has no authority to act in the premises; and if it, nevertheless, proceeds and entertains jurisdiction of the proceedings, all of its acts are void, and afford no justification to the parties instituting them as aginst parties injuriously affected thereby."

See, also, Day v. Bach, 87 N. Y. 56, wherein it was held at page 60 that:

"There is a great difference between erroneous process and irregular [that is to say, void] process. The first stands valid and good, unless it is reversed. The latter is an absolute nullity from the beginning."

The attachment herein was therefore void, and all acts taken by the defendant thereunder were acts of trespass against the plaintiff's rights and property; and, the defendant having wrongfully obtained possession of plaintiff's property, no demand before suit brought, for the return of the property taken by the sheriff under the attachment, was necessary.

It was claimed herein, on the part of the defendant, that the plaintiff herein, an attorney at law, after the vacating of the said warrant of attachment, for the purpose of bringing an action, and for no other purpose, purchased and took an assignment from the said Henry Ruser of the cause of action herein, and that such transfer was in violation of the provisions of section 78 of the Code, and therefore absolutely null and void. The trial justice, in his charge, submitted this question to the jury, and instructed them that:

"If, from the evidence in this case, you believe that he took an assignment of this claim for the purpose and with the intention of bringing an action upon it, your verdict must be in favor of the defendant."

The jury, from the verdict rendered by them, passed upon this question of fact in favor of the plaintiff.

The question of the value of the property taken was also submitted to the jury, upon the evidence produced upon the trial, who passed upon the same, and found their verdict in favor of the plaintiff for the sum of $1,635 as the value thereof, after a fair and impartial submission to them, by the trial justice, of all the issues of fact raised herein. We do not find any error committed by the trial justice in the rulings made by him, or any merits in the exceptions taken by defendant, and that the verdict was fully justified by the evidence. The judgment and order appealed from must therefore be affirmed, with costs to the respondent.