Gildersleeve, J.
The cause of action set forth in the complaint, briefly stated, is as follows: One Elizabeth D. De Lancey, by her attorney, the defendant Edmunds, brought suit in ejectment to recover possession of three-fourths part from Piepgras, the plaintiff herein, of certain lands, below high water mark, at City Island, impleading one John Hunter, the owner of the remaining one-fourth part of said premises, whose attorney was the defendant herein, John Hunter, Jr., and who, in his answer, demanded judgment for the delivery to him of the possession of the said one-fourth part. The said .Piepgras, in his answer in said action, “ admitted that he was seized and in possession as owner of said premises, but denied that he unlawfully withheld possession.’’ The action was tried in the Supreme Court, Westchester County, and judgment was given for De Lancey and Hunter, respectively, for the recovery of the immediate *41 possession of said premises from said Piepgras, and for ■execution therefor. Piepgras appealed from both of these judgments to the General Term, where they were both affirmed. On appeal to the Court of Appeals the judgment was modified by inserting therein “the proviso and reservations contained in the patent of Palmer, and, as so modified, affirmed.” This Palmer patent, as appears from the complaint, granted certain easements, which, by the judgment of the Court of Appeals, were not taken from said Piepgras. The complaint also sets forth ’ a certain judgment, entered, on the remittitur of the Court of Appeals, in the Supreme Court, by De Lancey and Hunter, and a certain execution issued on said judgment by the defendants herein, as attorneys for De Lancey and Hunter. The complaint further alleges that plaintiff was the owner of the upland adjacent to the premises under water, and used the same as a shipyard, and had erected thereon a large and valuable building, plant and equipment for ship-building, and used the ■same in connection with a dock and several marine railways, all built by plaintiff or his grantors, and extending from the plaintiff’s upland to the channel and navigable waters of Long Island Sound over the said land under water, which dock and marine railways were essential to the use and enjoyment of said shipyard and to plaintiff in his business, and were lawfully there ; from all of which marine railways and dock plaintiff was excluded by the .sheriff by virtue of the execution issued as aforesaid, and by virtue of the delivery thereof to the said De Lancey and Hunter by said sheriff, and plaintiff was thereby prevented from carrying on his said business of ■ship building, and put to great loss, etc. The complaint also alleges knowledge of all these facts by defendants, and that plaintiff had not been deprived of these rights •and uses by the judgment of the Court of Appeals, but was unlawfully deprived of them through the improper wording of the execution issued by the defendants herein *42 upon the improperly worded judgment of the Supreme-Court, entered on the remittitur of the Court of Appeals. The plaintiff applied to the court to modify the judgment: of the Supreme Court, entered on the remittitur of the-Court of Appeals, by making it conform more closely with the decision of the Court of Appeals, which motion was granted, and, at the same time, the execution was-modified, nunc pro tunc, to make it conform to the modified judgment. And the complaint alleges that, by-reason of all these aforesaid facts, occasioned by the, wrongful acts of defendants, plaintiff has been put to great loss, expense, trouble, etc.; and, finally, .the complaint demands judgment for the sum of fifteen thousand dollars and costs. The judgment of the Supreme Court,, entered on the remittitur of the Court of Appeals, the execution issued thereon, and the judgment as afterwards modified by the Court at Special Term, ón plaintiff’s, motion, are all set forth in the complaint in full.
The execution does not sufficiently conform to the judgment upon which it was issued, inasmuch as it does.. not contain a recital of the limitations of the easements, set forth in the judgment, but directs the delivery of the possession of the premises, after reciting, among other things, that the Court of Appeals had “ modified ” the-judgment of the General Term. However, it was not a void process. It was sufficiently in conformity with the-judgment, upon which .it was issued, to prevent its being-void. The judgment itself was a judgment of the Supreme Court, duly signed by Mr. Justice Dykman, and duly entered. It was not a void judgment, and the defendants, were protected for all acts done under and in conformity with it, inasmuch as it has never been vacated, but only modified, and is still, so far as the complaint shows, in force.
The execution was not a void process, but simply insufficient, erroneous or irregular. If an attorney causes, a void or irregular or erroneous process to be issued in an. *43 action, which occasions loss or injury to a party against whom it is enforced, he is liable for the damage thereby-occasioned. In the case of void process, the liability attaches when the wrong is committed, and no preliminary proceeding is necessary to vacate or set it aside, as a condition to the maintenance of an action. Process, however, that a court has general jurisdiction to award, as in the case at bar, but which is irregular or erroneous,must be regularly vacated or annulled by an order of the court before an action can be maintained for damages occasioned by its enforcement (Day v. Bach, 87 N. Y. 56). In such cases, the process is considered the act of the party and not that of the court, and he is, therefore, made liable for the consequences of his act (Fisher v. Langbein, 103 N. Y. 89). In the case at bar the process was not vacated, but simply amended, nunc pro tunc, to more nearly conform to the judgment of the Court of Appeals and to the judgment of the Supreme Court, as amended, upon which it was issued. The execution was erroneous, but not void, and it has not been vacated, but is still in force. It, therefore, protects the defendants for acts done under it. If the sheriff exceeded his instructions under the execution, he, and not the defendants, is liable. The law may be stated as follows : First, that a void writ or process furnishes no justification to a party, and he is liable to an action for what has been done under it at any time, and it is not necessary that it should be set aside before bringing the action. Second, if the writ is irregular or erroneous only, and not absolutely void, no action lies until it has been set aside ; but when set aside, it ceases to be a protection for acts done under it while in force.' Third, if the process was regularly issued, in a case where the court had jurisdiction, the party may justify what has been done under it, after it has been set aside for error in the judgment or proceeding (Day v. Bach, 87 N. Y. 61). In this case, as we have said, the process was erroneous, but not void ; and it has never *44 been set aside, but is still in force, as amended nunc pro ■tunc. I am, therefore, of opinion that the defendants are •protected for the acts done under it, and that the complaint is demurrable.
The question whether the .process was void may be said to be res adjudicata, inasmuch as the Supreme 'Court, at Special Term, as appears from the complaint, has denied plaintiff’s motion to vacate and set aside the execution for irregularity or erroneousness, has held that it was not a void process, but has amended it, nunc pro tunc as of the time of issuing, to make it conform more expressly to the decision of the Court of Appeals and to the judgment, as amended, of the Supreme Court, upon which it was issued.
For the reasons above stated, the demurrer must be •sustained, with" costs.