Aaron E. Klein, J.
Plaintiff, David E. Hale, makes this motion for a CPLR 6211 order of attachment upon the alleged undivided one-half interest of defendant, Elsbeth Kampa, in real property located on Beetle Hill Road, near the Hamlet of Johnsonville, Town of Schaghticoke, Rensselaer County, New York.
As grounds for the attachment under CPLR 6201 (subd 5) plaintiff alleges defendant fraudulently induced plaintiff to enter into an oral agreement for the repair and restoration of a small house located on part of the real property sought to be attached. The only purpose plaintiff advances for the attachment is to secure any future judgment plaintiff may obtain against defendant.
The facts constituting the alleged fraud in the inducement of contract are these: (1) sometime in April, 1975 defendant "held herself out to the plaintiff to be the sole owner in fee of the * * * (whole) parcel of real property” (2) defendant allegedly represented to plaintiff that she would convey a small house located on the property sought to be attached to plaintiff for $10,000 less the value of material and labor plaintiff would supply to restore the small house (3) plaintiff allegedly relying on the truth of defendant’s statements was induced to *904 occupy the small house "when the same was deteriorated and uninhabitable”, and buy material on credit and use said material in the repair of the small house (4) plaintiff allegedly expended the equivalent of $14,000 in labor and materials to repair the small house (5) contrary to defendant’s representations that she would reimburse plaintiff for the money he expended on materials, defendant only reimbursed plaintiff $1,000 of $4,100 he spent on materials to restore the small house (6) contrary to defendant’s alleged representations that she would sell plaintiff the small house for $10,000 less the equivalent monetary value of materials and labor plaintiff expended to restore the house (or that defendant would convey the small house to plaintiff without payment of any money if plaintiff expended the equivalent of more than $10,000 in labor and materials to restore the house) sometime during July, 1976 defendant caused eviction papers to be served on plaintiff, and "has attempted to have plaintiff removed from the small house in breach of the terms of the oral agreement hereinbefore set forth.”
Plaintiff’s complaint seeks a judgment of $14,000 for "the fair and reasonable value of the materials furnished and the labor supplied” by plaintiff in restoring the small house.
Plaintiff’s attorneys’ affidavit sworn to June 14, 1977 at paragraph 5 says "the plaintiff, David E. Hale, has a valid cause of action in quantum meruit for the value of materials furnished and labor supplied to the defendant, Elsbeth Kamp,”.
Plaintiff’s request for an order of attachment is denied.
Plaintiff seeks recovery of a sum of money only, alleging breach by defendant of an oral agreement, or recovery on the theory of quantum meruit. Plaintiff makes no allegation that the order of attachment is necessary to obtain jurisdiction, or that defendant has no assets to satisfy a judgment which plaintiff may obtain at some future time other than an interest in the real property sought to be attached which is about to be sold. Plaintiff makes no allegation of "circumstances in which an attachment under CPLR 6201 (5) would serve some definite function” (7A Weinstein-Korn-Miller, NY Civ Prac, par 6201.13) to support its request for the "extraordinary remedy” (Penoyar v Kelsey, 150 NY 77, 80) it seeks.
Although the facts, as alleged by plaintiff, might be construed to satisfy the technical requirements in CPLR 6201 (subd 5) "the defendant, in an action upon a contract, express *905 or implied, has been guilty of a fraud in contracting or incurring the liability”, this court feels that an order of attachment should not issue, unless the party seeking the order demonstrates a need for the attachment beyond making allegations that the action in which the attachment order is sought might satisfy one of the grounds set forth in CPLR 6201. (Accord, see, e.g., Davidsohn Computer Servs. v Edwards & Hanly, 50 AD2d 790.)
Accordingly, plaintiffs present motion for an order of attachment is denied, without prejudice to its renewal at some future time upon papers demonstrating that plaintiff has a practical need for such order.