OPINION OF THE COURT
Margaret Taylor, J.
This ex parte application for an order of attachment pursuant to CPLR 6201 (subd 3) is denied. Strictly construing the relevant CPLR provisions as we must “[o]wing to the statutory origin and harsh nature of this [provisional] remedy” (Penoyar v Kelsey, 150 NY 77, 80; Siegel v Northern Blvd. & 80th St. Corp., 31 AD2d 182), the court is forced to conclude that plaintiff has not met its burden of proving “that one or more grounds for attachment provided in 6201 exist”. (CPLR 6212, subd [a].)
Plaintiff’s affidavit alleges that defendant has secreted assets (an alleged savings bank account) in order to induce plaintiff to grant her public assistance. Apparently, plaintiff believes that these allegations, if substantiated, would suffice to support the grounds for attachment delineated in CPLR 6201 (subd 3), to wit, that “the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff’s favor, *198 has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts”.
In order to prevail, under CPLR 6201 (subd 3) plaintiff must demonstrate two elements: (1) that the defendant has, or is about to conceal her or his property in one of the ways enumerated and (2) that defendant has acted or will act with an intent to defraud her or his creditors or to frustrate the enforcement of a judgment for plaintiff. (7A Weinstein-Korn-Miller, NY Civ Prac, par 6201.12.)
As to the first element, plaintiff’s proffered proof must fail because it confuses the allegations that are the basis for the cause of action with the grounds necessary for attachment. The alleged fact that defendant has in the past concealed a bank account in order to establish her eligibility for public assistance does not constitute proof that defendant will in the future conceal this account in order to defraud her creditors or to frustrate plaintiff’s judgment. The alleged merits of the underlying action may not be used to mitigate the distinct and strict burden of proving the grounds for the prejudgment attachment. (Estee Lauder v Juda, NYLJ, Aug. 17, 1979, p 4, col 2; Hale v Kampa, 91 Misc 2d 903.)
Indeed the 1977 Judicial Conference Report in repealing former CPLR 6201 (subds 5, 6, 8), which attachment grounds were based solely on the nature of the underlying cause of action, explicitly proscribes such confusion: “The present statute, in authorizing attachment in these cases [e.g., fraud, deceit, conversion], apparently indulges in the unproven presumption that defendants charged with the stated wrongs are more likely to indulge in conduct frustrating the enforcement of a future judgment in plaintiff’s favor than defendants in other cases. The provisions are of dubious constitutional validity. There is no reason why a defendant charged, for example, with conversion is more likely to tamper with his property than one sued for assault, wrongful death or negligence.” (Twenty-second Annual Report of NY Judicial Conference, 1977, p 251.)
The second independent prerequisite for attachment under CPLR 6201 (subd 3), the defendant’s intent to defraud *199 or to frustrate plaintiff’s judgment, is similarly unsubstantiated on these moving papers. “Proof of assignment, disposition, secretion or removal of property, or likelihood that any one of these acts is imminent is not enough” to substantiate this element of intent. (7A Weinstein-Korn-Miller, NY Civ Prac, p 62-35.) Nor do any of the facts alleged in the papers prove to the satisfaction of the court that there was such intent to defraud the Department of Social Services at any time. The bank account in question was opened on April 4,1973, whereas the application for public assistance was not made until March 3, 1975, two years later. Further, the account was in defendant’s name in trust for David Vasquez, whose relationship to the defendant and whose receipt of public assistance has not been either alleged or proven.
Indeed, plaintiff need not prove defendant’s intent to defraud in order to meet its burden of proving its underlying claim of entitlement to this alleged bank account under subdivision 1 of section 104 of the Social Services Law. In light of their impotence to justify the order of attachment, these allegations of defendant’s fraudulent intent are gratuitous and surplusage.
Not only are the grounds for attachment unsubstantiated in this application, neither do the moving papers proffer any justification for ordering the attachment ex parte. The unequivocal intent of the Legislature in redrafting CPLR article 62 was to encourage the applications for orders of attachment on notice (Twenty-second Annual Report of NY Judicial Conference, 1977, pp 252-253). The court cannot fathom from the moving papers why a noticed motion and the accompanying temporary restraining order (CPLR 6210) would not amply protect plaintiff’s alleged interests in this lawsuit.
In considering the ex parte application sub judice, the court is mindful of the constitutional problems that lurk behind an attachment order and its concommitant “drastic interference with the free use and enjoyment of defendant’s property * * * long before, defendant has had [her/] his full day in court and [before] liability has been established” (Twenty-second Annual Report of NY Judicial Conference, 1977, pp 251-252). (See Carey v Sugar, 425 US 73; Sugar v *200 Curtis Circulation Co., 383 F Supp 643.) Guided by these constitutional concerns, by the above considerations of legislative intent, and in light of the findings as to the paucity of proof of the grounds and necessity of this order, the court cannot countenance an ex parte order of attachment in the instant case.